## BANKERS' LIFE CO. v. MILLER et al.
### No. 1461.

Court of Civil Appeals of Texas. Waco.
Feb. 15, 1934.

Rehearing Denied March 8, 1934.

Coker & Rhea, of Dallas, for appellant.

John Maxwell, Sam Dardnne, and Willard McLaughlin, all of Waco, for appellees.

ALEXANDER, Justice.

This suit was brought by Bankers' Life Company against Claude Miller and wife, Erna Miller, to recover on a promissory note in the sum of $3,000 dated October 1, 1926, and due November 1, 1936, and to foreclose a deed of trust lien on 84 acres of land in McLennan county, which note and deed of trust were

executed by Miller and wife in favor of the plaintiff. McLennan county was also made a party defendant under an allegation that it was claiming some interest in said land, which interest, however, was alleged to be inferior to plaintiff's lien. It was alleged that Miller had failed to pay the taxes due against said land for the years 1930 and 1931 and that plaintiff, in order to protect its lien, had been compelled to pay said taxes. It was also alleged that certain past-due interest was unpaid. The plaintiff declared the note due for the alleged failure to pay said taxes and interest and sought to recover the amount of said note, interest, attorney's fees, and taxes paid and to foreclose its lien on said land. The defendants, Miller and wife, alleged that the contract sued upon, as evidenced by said note and deed of trust, was a usurious contract and by way of cross-action prayed that all interest paid on said note be applied as a credit upon the principal of said indebtedness. The trial court in a trial without a jury found that the contract was usurious and that by applying the amount that had been illegally collected by the plaintiff from the defendants as interest since the execution of said note to the taxes paid by the plaintiff and to the principal of said note, the plaintiff had in its hands sufficient funds to discharge its claim for taxes paid and a balance of $846.40 to be applied as a credit upon the principal of said note. The court found, therefore, that the plaintiff had no right to declare said note due and that the suit had been prematurely brought. Consequently, plaintiff's suit was dismissed and the defendants' cross-action sustained and the sum of $846.40 was applied as a credit on the principal of said note. The plaintiff appealed.

There was but one note and deed of trust executed by the defendants to the plaintiff. Said note was for the sum of $3,000, of date October 1, 1926, due November 1, 1936, "with interest thereon at the rate of six per cent. per annum, payable annually according to the terms of coupon notes of even date herewith and hereto attached." Such note does not expressly provide for a greater rate of interest than that provided by law and consequently is not usurious unless made so by virtue of the provisions for accelerated maturity as provided for in the note and deed of trust. The provision for accelerated maturity as contained in the note is as follows: "If this note or any of said interest coupons are not paid when due, the principal and all interest accrued thereon shall become due and collectible at once without notice at the option of the holder and after due shall bear interest at the rate of ten per cent per annum until paid, together with ten per cent on amount due as attorney's fees if placed in the hands of an attorney for collection or collected through the Probate or Bankruptcy Courts." There was attached to the note ten coupons in the sum of $180 each, one of which was due each year for ten successive years. The first one was due November 1, 1927, and provided that it was "for interest due on that day according to the tenor of a principal note of $3000.00 of even date herewith. This coupon to draw 10% interest after maturity until paid. Payments on principal will reduce this coupon proportionately." The other nine coupons were identical in terms except as to the due date. The deed of trust provided that it was given to secure the payment of said note in the sum of $3,000, "together with interest thereon from date until maturity, payable annually on November 1st, in each and every year until maturity of said principal note or notes, according to the tenor and effect of interest coupon notes thereto attached of even date herewith, all of said notes and coupons bearing interest at the rate of ten per centum per annum after maturity until paid." The deed of trust further provided: "That the said third party (Bankers Life Company) or its assigns, may, at its or their option, pay any delinquent tax or assessment or discharge any prior lien or claim upon said premises, and shall be subrogated thereto, and any such disbursement shall become part of the indebtedness hereby secured, payable on demand, and shall bear interest at the rate of ten per cent per annum from date of such disbursement. * * * But if default be made in the payment of any indebtedness herein provided for, whether principal or interest, when the same becomes due and demandable, or if default be made in any stipulation, agreement or covenant herein contained, then the whole of the indebtedness may, at the option of the said party, or any holder of said note or notes, or other indebtedness secured hereby, without notice to said grantors, be declared due and payable, and the said third party, or any holder of said note or notes, or other indebtedness secured hereby, may, at its or their option, institute proceedings respectively for the collection at law or in equity, of such amounts as may be then unpaid. * * *" It was further provided that in the event of a sale of the land described in the deed of trust by the trustee, the proceeds of the sale shall be applied as follows: "First, to the payment of the costs, attorney's fees and other expense of executing this trust, including the payment to said

Trustee of ten per centum upon the whole amount due and unpaid, as a commission for executing this trust; second, to the payment of the whole debt due the said third party, its successors or assigns, together with all interest due thereon; and lastly, the remainder, if any there be, shall be paid to the said grantors."

The rule as announced by the Supreme Court in Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269, is that if under any contingency, as provided for either in the note or deed of trust, the lender may collect a greater rate of interest than allowed by statute, the contract is usurious. It is also a well-established rule that if the contract is of doubtful meaning and one construction would make it legal and the other would make it usurious and illegal, we should adopt the construction which would make it legal rather than the one which would make it illegal and thereby impute to the parties an intention to violate the law. 6 R. C. L. p. 839, § 229; Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 826, par. 3; Texas Emp., etc., Ass'n v. Tabor (Tex. Com. App.) 283 S. W. 779; City of Memphis v. Browder (Tex. Com. App.) 12 S.W.(2d) 160, 161.

We have carefully considered the contract in question and have reached the conclusion that under no contingency could the lender collect a greater rate of interest than that allowed by law. The note provides for interest at the rate of 6 per cent. per annum as evidenced by the interest coupons attached. The acceleration clause expressly provides that upon the failure to pay said note or any interest coupon when due, "the principal and all *interest accrued* thereon shall become due." Such acceleration clause would allow the holder upon acceleration of the maturity of the note to collect no more than the principal of the note, with accrued interest at 6 per cent. per annum, together with such interest as might thereafter accrue thereon and 10 per cent. attorney's fees. This was clearly within the law.

The deed of trust provides that "if default is made in the payment of any indebtedness herein provided for, whether principal or interest, when the same becomes due and demandable, then the *whole of the indebtedness* may * * * be declared due and payable." What is meant by the expression "the whole of the indebtedness" which is to be declared due and payable at the election of the holder in the event of default? Does it mean that the holder may mature and collect all of the coupons for both earned and unearned interest in the event of default? We do not think so. The language used is hardly susceptible of that construction and we will not impute to the parties an intention to thus provide for the collection of illegal interest in the absence of a more definite provision therefor. The more reasonable construction is that the parties simply intended that in the event of accelerated maturity, the holder could mature the principal and collect it and all interest then accrued. This construction makes the provision here under consideration harmonize with the provision contained in the note wherein it is provided that in the event of accelerated maturity "the principal and all accrued interest thereon shall be due." Such construction has heretofore been placed on similar provisions in other deeds of trust. Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 1026, 12 L. R. A. 93, 23 Am. St. Rep. 332; Spiller v. Bell (Tex. Civ. App.) 55 S.W.(2d) 634 (writ dismissed); see also Judge Looney's dissenting opinion in Reynolds Mortgage Co. v. Thomas (Tex. Civ. App.) 61 S.W.(2d) 1011, at page 1014 (writ granted); Aetna Life Ins. Co. v. Foster (Tex. Civ. App.) 66 S.W.(2d) 428, par. 4.

We hold that the contract herein sued upon was not usurious. Hence the plaintiff was entitled to collect the amount of taxes paid, together with the amount of said note, interest, and attorney's fees, and to foreclose its deed of trust lien as prayed.

McLennan county, by way of answer to the merits, alleged that in November, 1930, it purchased from Miller and wife for road purposes 5.72 acres of the land in question and took a deed thereto and paid for the same out of the road bond fund of said county; that while the legal title to said property was taken in the name of McLennan county, said property was actually purchased for and on behalf of the state of Texas to be used in the construction of a state highway; that McLennan county now holds the legal title to said land in trust for the use and benefit of the state of Texas; and that the state has actually built a part of one of its state highways upon a part of said land. Upon the trial of the case the above facts were admitted to be true and it is here now contended by the county that since said 5.72 acres of land actually belong to the state of Texas, the plaintiff has no right to foreclose a lien thereon. It will be noted that there is no allegation or proof that the plaintiff had actual notice of the state's interest in said land prior to the filing of the suit. It will also be noted that the state of Texas is not a party to this

suit and is not here now contesting the plaintiff's right to foreclose its lien upon said property. Whether or not the state could thus take mortgaged property without adequate compensation to the mortgagee in violation of the provisions of our Constitution, article 1, § 17, and then successfully plead its immunity from suit when sued by the mortgagee, it is not necessary for us to determine: Neither is it necessary for us to determine whether or not a judgment herein in favor of the plaintiff foreclosing its lien will be binding upon the state as the owner of an unrecorded title to the land in question. See, in this connection, 42 C. J. 50; Masterson v. Ginners Mutual Underwriters' Ass'n (Tex. Com. App.) 235 S. W. 1081. These questions can be determined when the state's title is called in question in a proper suit. It is sufficient to say that the plaintiff has made the mortgagor and all record owners parties to this suit and has established its right to a foreclosure as against said defendants. A judgment herein in favor of plaintiff will doubtless be binding upon all defendants properly before the court. 42 C. J. 164, § 1777.

The judgment of the trial court is reversed, and judgment here rendered in favor of the plaintiff against the defendant Claude Miller, for the amount sued for and against the defendants, Claude Miller and wife, Erna Miller, and McLennan county for foreclosure of plaintiff's lien on said land. The defendants are denied a recovery on their cross-action. It is ordered that the land described in appellant's deed of trust, less the 5.72 acres sold McLennan county, be first sold and the proceeds applied to the satisfaction of this judgment, and that said 5.72-acre tract be sold hereunder only in the event such sale is necessary in order to satisfy this judgment in full.