THE LINCOLN NATIONAL LIFE INSURANCE COMPANY
v. KIN V. ANDERSON.

No. 6815.   Decided March 27, 1935.
Rehearing overruled May 1, 1935.
(80 S. W., 2d Series, 294.)

*Leake, Henry & Young,* of Dallas, for plaintiff in error.
*T. Wesley Hook,* of Alvarado, and *John B. Poindexter, Jr.,* of Dallas, for defendant in error.

*M. W. Terrell,* of San Antonio, *Renfro & McCombs, James A. Kilgore, Locke, Locke, Stroud & Randolph,* all of Dallas, filed briefs as amici curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals.

A full and comprehensive statement of the facts in this case will be found in the opinion of the Court of Civil Appeals reported in 71 S. W. (2d) 555. As we have reached the conclusion there was no usury in either of the three loans involved, it will be unnecessary to discuss some of the questions presented.

■ The charge of usury is based upon acceleration clauses in various deeds of trust, and there is no contention that in the transaction the interest actually provided for, in the absence of acceleration, would constitute usury.

The first loan was made February 14, 1912. The principal amount was $6500.00, and bore interest at the rate of 6% per annum. It was secured by a first deed of trust. There were seven additional interest notes which bore interest after maturity. They were secured by a second deed of trust. The accelleration clause in the first deed of trust gave the holder of the principal note, in case of certain de-

faults, the option of maturing "the whole indebtedness and all sums secured by this mortgage, to-wit, the principal and interest then accrued." Obviously this provided only for the collection of earned interest. The second deed of trust gave the holder of the interest notes, in case of certain defaults, the option of maturing "the whole sum of money hereby secured."

In case of Dugan v. Lewis, 79 Texas, 246, there was a stipulation in the deed of trust to the effect that "the whole sum of money secured hereby" might, at the option of the holder, be declared due and payable, it was held that such acceleration provision did not make the contract usurious. In that case the court said:

"We do not think that a correct construction of the contract will make a greater amount of interest due and collectable upon it than shall have accrued on the principal calculated up to the date of collection at the rate named in the note; or in other words, that any unaccrued interest comes within the proper meaning of the stipulation."

This particular holding was expressly approved in the case of Shropshire v. Commerce Farm Credit Co., 120 Texas, 400, 30 S. W. (2d) 282; and we therefore hold that this original loan was not usurious.

The recent case of American Trust Co. v. Orson, 65 S. W. (2) 779, in which writ of error was refused, and the case of Bankers' Life Co. v. Miller, 68 S. W. (2d) 574, in which writ of error was denied, are practically directly in point.

The second loan, being a renewal, was dated January 1, 1919. The principal note was for $4000.00 and bore interest at 6 per cent per annum. There were seven additional interest notes. The first deed of trust securing the principal note gave to the holder the option of declaring due "the principal sum hereby secured and all interest thereon to the date of payment thereof." This manifestly did not provide for the payment of any unearned interest. The second deed of trust securing additional interest notes provided that upon certain defaults, at the option of the holder, "the whole sum of money hereby secured shall become due and payable." Under the authorities cited above this did not evidence an intention to collect unearned interest and the loan was not thereby rendered usurious.

The third loan, which was a renewal, was dated April 10, 1925. The principal note was for $4200.00 and bore interest at the rate of 5½ per cent per annum. There were ten additional interest notes. The principal note provided, in event

of certain defaults, that "the said principal sum hereby secured and all interest thereon shall at the option of the holder become immediately due and payable." It is obvious that the expression "all interest thereon" meant only accrued interest. This is made more obvious by the accelerative provision in the deed of trust which provided that "the whole indebtedness and all sums secured by this mortgage, to-wit, the principal and interest then accrued on said bond," might be declared due and payable.

The second deed of trust securing the additional interest notes provided that in event of certain defaults the "whole sum of money hereby secured shall become due and payable," at the option of the holder.

Under the authorities cited this evidences an intention to collect only earned interest and the contract was not usurious.

The judgment of the trial court and of the Court of Civil Appeals in favor of the defendant in error, Kin V. Anderson, and against plaintiff in error, Lincoln Life Insurance Co., is hereby reversed and set aside.

The judgment of the trial court in favor of plaintiff in error, Lincoln Life Insurance Company, for the sum of $819.10 for taxes, with interest, is affirmed. The cause is in other respects remanded with instructions to the trial court to render judgment in favor of plaintiff in error, Lincoln Life Insurance Company, against defendant in error, Kin V. Anderson, for the full amount of the principal note of $4200.00, with interest thereon and attorneys' fees as provided therein, subject to credit of such payments, if any, as may have been actually made thereon, with foreclosure of the lien securing same and the sum of $819.10, with its interest, and the injunction restraining sale is hereby dissolved.

The judgment of the trial court as to the United States Bond & Mortgage Company and Dallas Bank & Trust Company is affirmed.

Opinion adopted by Supreme Court March 27, 1935.

### ON MOTION FOR REHEARING

■ In view of the earnest insistence of counsel for defendant in error in motion for rehearing that the holding in this is in conflict with the decision of the case of Dallas Trust & Savings Bank v. Brashear, 65 S. W. (2d) 288 (Com. App.), a word of comment is appropriate. It is insisted that the form of contract in this case is identical with the form of contract which was involved in the Brashear case. This may

be true, but the significant feature of the Brashear case was that 2 per cent additional interest on the principal loan for the ten year period was "squeezed" into five installments, payable during the first five years of the loan. This resulted in the actual payment of more than ten per cent interest for the first year. This was expressly pointed out at page 292 of the printed opinion, where it is said:

"As to the Dallas Trust & Savings Bank, the two obligations evidenced a single transaction, and said company collected, and Brashear paid interest for the first year amounting to 7 per cent on $3,000.00, or $210, plus $102.67 (interest note No. 1 of obligation No. 2), total $312.67, exclusive of the compounded interest on such total, from the due date thereof (May 1, 1922) to date of payment (September 6, 1922); this was clearly in excess of ten per cent per annum, and usurious as to the Dallas Trust & Savings Bank."

It is evident therefore that the decision of the Brashear case did not turn upon the accelerative provisions of the deed of trust at all, but on the fact that there was actually a usurious rate of interest provided for and paid during the first year of the loan. No similar contention is made in this case.

The motion of defendant in error is overruled.

Opinion adopted by the Supreme Court May 1, 1935.