**TRAVELERS INS. CO. et al. v. GREER.**

No. 4395.

Court of Civil Appeals of Texas. Amarillo.

April 8, 1935.

Rehearing Denied June 24, 1935.

Renfro & McCombs and James A. Kilgore, all of Dallas, for appellants.

Royce A. Oxford, of Plainview, and Jno. A. Coffee, of Hereford, for appellee.

MARTIN, Justice.

This is an appeal from an order of the district court of Childress county, overruling separate pleas of privilege filed by appellants. Appellee filed suit in Childress county to cancel two deeds of trust and a trustee's deed to a section of land in said county, alleged to be owned by him. A hearing was had on said pleas of privilege under pleadings not here questioned, with the result mentioned above.

The disposition of this case turns solely on whether or not we may interpret the instruments hereafter mentioned as evidencing an usurious transaction between the parties. If, by the terms of such transaction, there did not clearly appear a purpose and intent to exact usury from appellee, the liens sought to be canceled were admittedly valid, under the proof made by appellee on said hearing. Conversely, if appellee's proof evidenced an invalid debt in whole or in part, by reason of the presence of usury, the lien or that portion of same given to secure such void contract was a cloud on appellee's title, entitling him to maintain suit in Childress county for its removal. Great Southern Life Ins. Co. v. Williams (Tex. Civ. App.) 77 S.W.(2d) 900.

Appellee's evidence on said hearing was in substance: That on October 21, 1926, there was executed and delivered by him and his wife two deeds of trust to a section of land in Childress county, and both were subsequently recorded in the deed of trust records of said county. That the first of these was given to secure a note for $13,000, "bearing interest from date until maturity, according to the tenor and effect of interest notes thereto attached of even date herein, secured hereby and hereto referred to and made a part hereof, said interest notes being payable annually on the first day of January in each year, until the maturity of said principal note, all of which principal and interest notes are intended to be secured hereby and stipulated that they shall bear interest at the rate of ten per cent per annum after maturity." Neither the original note, nor any interest coupons were offered in evidence. It inferentially appears that some of these interest coupons were for the sum of $780, but their number and the due date of the loan does not appear. This first deed of trust contained also the following stipulation: " * * * If default be made in

any stipulation agreement or covenant herein contained, then the whole of the indebtedness secured in and by this instrument, may at the option of the said party of the third part, or any holder of said notes, or other indebtedness secured hereby, without notice to said parties of the first part, be declared due and payable. * * *"

Contemporaneously with and as a part of the above transaction, a second deed of trust was executed by the above parties to the same section of land: "* * * To secure the payment of one promissory note for Thirteen Hundred Twenty-five and 27/100 Dollars, of even date herewith, payable in installments, as therein specified, containing the usual 10% Attorney's fee Clause, each installment thereof bearing interest after due date at the rate of 10% per annum, executed by the parties of the first part, and payable at Dallas, Texas, to the order of the Republic Trust & Savings Bank. * * *"

This instrument contained the following stipulations: "This Deed of Trust is made subject and second to a First Deed of Trust of even date herewith executed by the parties of the first part, to Leslie Waggener, Trustee, for the Republic Trust & Savings Bank, securing a principal note for Thirteen Thousand Dollars, payable to the said Republic Trust & Savings Bank, and the installment note herein described and secured is given for a part of the interest on said $13,000.00 loan. * * * if default should be made in the payment of the notes secured hereby or any of them, or if any of the covenants or agreements contained in said First Trust Deed should be breached, then the whole sum of money hereby secured shall become due and payable at the election of the holder thereof, and without notice to said parties of the first part. * * * The Trustee herein named, or his successor, or successors, upon the receipt of the proceeds of said sale shall apply the same as follows: 1st, To the expense of making the sale, including the Trustee's commission; 2nd, to the payment of the amount due on the notes hereby secured; 3rd, To the payment of any delinquent principal or interest, or any taxes, attorney's fees, or other sums due under said First Trust Deed, according to the terms thereof, and the balance, if any, to the parties of the first part, their heirs or assigns."

No further proof was offered than the above, of the description of the said note for $1,325.27. Appellee testified that he had never paid over $910 as interest during any year and that he understood that this amount was the interest to be charged him per annum for the loan above.

Evidence of the due date of the above loan and its rate of interest is extremely meager and unsatisfactory. The parties to this appeal seem to assume, and we will likewise assume in disposing of the question presented, that this was a loan for $13,000, due ten years after date, bearing 7 per cent. interest per annum, payable annually. It is, of course, obvious that such loan is untainted by usury unless the acceleration clauses above quoted make it so.

"The notes and the instrument creating the lien, executed at the same time concerning the same subject-matter, are to be construed together as constituting one contract." San Antonio Real Estate, Bldg. & Loan Ass'n, v. Stewart, 94 Tex. 441, 61 S. W. 386, 387, 86 Am. St. Rep. 864.

See, also, 10 Tex. Jur. p. 286 for full collation of authorities. The first and second deeds of trust construed together as one instrument in the light of appellee's testimony evidence a loan for $13,000, bearing 7 per cent. interest per annum, payable annually, with 10 per cent. from maturity, whose annual interest installments are evidenced by coupon notes, with one acceleration clause providing upon default for "the whole of the indebtedness secured—by this instrument to be declared due and payable," and, the other, "the whole sum of money secured hereby." Thus construed, we have practically the identical record before this court, except as to amounts, that was construed in Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332, to be untainted by usury. Nor is it essentially different from the recent case of Lincoln National Life Ins. Co. v. Anderson, 80 S.W.(2d) 294, decided by the Commission of Appeals on March 27, 1935, opinion of Court of Civil Appeals reported in 71 S. W.(2d) 555. Following these authorities, we hold that appellee failed to prove a prima facie cause of action which entitled him to cancel a lien either in whole or in part of land situated in Childress county. The debt being valid, the lien given to secure same was necessarily so, as against the claim of usury, and not subject to cancellation.

This conclusion renders it unnecessary to decide other questions raised by appellants.

The judgment of the trial court is reversed and remanded with instructions to the trial court to enter an order transferring this cause to Dallas county, as prayed for by appellants.

### On Motion for Rehearing.

In an earnest motion for rehearing, appellee contends, "The only and sole issue and point for this court to determine, under the law, is whether or not the land in controversy as shown by the evidence in this record, is located in Childress County, Texas, as alleged by the appellees in their controverting affidavit and in their pleadings," citing Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301, and other authorities. Appellee's suit was in the nature of a proceeding to cancel liens because of an alleged usurious contract, which entitled him, by virtue of article 5071, R. S., to have all interest payments applied on his principal. His controverting affidavit alleges: "This is a suit to remove a cloud from the title to real estate, and to cancel two certain deeds of trust given to secure a debt, the deeds of trust being given upon land located in Childress County, Texas, and the land from which plaintiffs are seeking to remove a cloud from is located in Childress County. * * *"

His was not a statutory action of trespass to try title as was the Dees Case, supra. In fact, he had no suit and no cloud on his title unless usury was present in the transaction. The burden was cast upon him to make out a prima facie case, on the said hearing, that a lien apparently valid and of record was in fact invalid. Instead, his evidence, in our opinion, showed a valid lien. We do not think his authorities support the contention that all he had to prove was that the land was located in Childress county, though the sole purpose of his suit was to show that extrinsic facts existed which rendered certain liens invalid. See Glenn v. Ingram (Tex. Civ. App.) 81 S.W.(2d) 1052.

It is next vigorously contended that the presence of the clauses in the two trust deeds, quoted above, rendered the contract usurious, and that the present case is distinguishable from the two cited in the original opinion. We are of the opinion that the reasoning of these and other cases clearly support our original conclusion. We quote: "The term 'whole indebtedness,' used in the accelerating clause in a deed of trust, has been construed by the courts of this state to be the unpaid balance of the principal, and the matured interest up to the time of payment, and not to include any unearned interest at such time. Ætna Life Ins. Co. v. Foster (Tex. Civ. App.) 66 S.W.(2d) 428; Spiller v. Bell (Tex. Civ. App.) 55 S.W.(2d) 634; Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332; Bankers' Life Co. v. Miller et al. (Tex. Civ. App.) 68 S.W.(2d) 574." Burnette et al. v. Realty Trust Co. et al. (Tex. Civ. App.) 74 S.W.(2d) 536, page 539.

"We are of the opinion that the phrase, 'The whole of the indebtedness secured hereby,' as contained in the accelerating clause, cannot be reasonably construed so far as the principal and interest are concerned to include more than the $2,500 principal of the note and the accrued interest thereon. And interest coupon notes attached to the original note which were not due were never at any time after the execution of the deed of trust secured thereby. Spiller et al. v. Bell et al. (Tex. Civ. App.) 55 S.W.(2d) 634." Ætna Life Ins. Co. v. Foster et ux. (Tex. Civ. App.) 66 S.W.(2d) 428, page 431.

The instruments construed as one contract show a loan of $13,000, bearing 7 per cent. interest per annum, interest evidenced by coupon notes, one series being for 6 per cent. per annum and another, secured by a second trust deed, being for approximately 1 per cent. interest per annum, and maturing annually for ten years. The contract is in legal effect the same, it seems to us, as if it had been a loan of $13,000, due in ten years, evidenced by a single note for this sum, and bearing 7 per cent. interest per annum. Thus construed, the conclusion seems plain that the contract is not rendered usurious by the presence of the two clauses in the trust deeds, providing in one upon default for the payment of the "whole indebtedness" and in the other for "the entire sum of money secured hereby." The claim of usury is based alone and entirely upon these.

Motion overruled.