**DONLEY et al. v. TRAVELERS INS. CO.**

No. 1467.

Court of Civil Appeals of Texas. Eastland.

May 17, 1935.

Rehearing Denied July 12, 1935.

Geo. W. Barcus, of Waco, for appellants.

Renfro & McCombs and James A. Kilgore, all of Dallas, for appellee.

PER CURIAM.

At the time these cases (84 S.W.(2d) 818, 820) were submitted on oral argument, the attorney for the appellants in each case frankly stated to the court that unless a motion for rehearing then pending in the Supreme Court in the case of Lincoln National Life Ins. Co. v. Anderson, 80 S.W.(2d) 294, should be granted, the judgment of the trial court in each of the above cases should be affirmed. It was stated that the question relied upon by the appellants for reversal of the judgments below was decided contrary to their contention by the Supreme Court in the above-mentioned case, and that it was conceived to be our duty to follow that opinion unless same was set aside or modified on rehearing. Our information is that the motion for rehearing in that case has been overruled without any modification of the holding in the original opinion. (Tex. Com. App.) 81 S.W.(2d) 1112. We accordingly direct that a judgment of affirmance be entered in each of the above cases.

On Motion for Rehearing.

LESLIE, Chief Justice.

This suit was instituted against Felix Donley and wife, Annie Lou Donley, and Louis W. Zapalac and wife, Mary Don-

nelly Zapalac, and others by the Travelers Insurance Company to recover a judgment for debt and foreclosure of a lien securing same on 188½ acres of land in Hill county, Tex. The named appellants answered alleging the note upon which suit is based to be usurious because of certain acceleration provisions in the deeds of trust executed contemporaneously and as a part of the same transaction. The plaintiff replied by supplemental petition alleging, among other matters, that the Zapalacs had assumed the obligation and were estopped to set up its invalidity. The trial was before the court without a jury, and, at its conclusion, judgment was rendered in favor of the plaintiff.

May 17, 1935, the judgment of the trial court was affirmed by memorandum opinion, which also disposed of companion cases. On motion for rehearing the merits of the appeal have been particularly re-examined in the light of the contentions made. Of the eighteen propositions of error at least five of them assert the usurious nature of the loan contract, and attack the judgment on the ground that it overruled and failed to sustain their plea of usury. That, of course, was the fundamental defense presented, and the question is controlling in the disposition of this appeal.

There is no statement of facts in the record. The court made findings of fact and conclusions of law. The fact findings are not challenged. In substance, the facts are: Felix Donley borrowed $7,000 from the Texas Farm Mortgage Company, executing a promissory note therefor on January 18, 1922. The note was payable November 1, 1932, with interest at the rate of 6½ per cent. per annum, payable annually, and in accordance with attached coupons. Contemporaneously, and as a part of the same transaction, Donley executed the commission note in the amount of $1,132, payable in annual installments representing interest at the rate of 1½ per cent. per annum. The above notes were secured by separate deeds of trust on the 188½ acres of land, each deed of trust containing the usual power of sale and a default clause permitting the acceleration of the maturity of the indebtedness at the option of the holder of the notes upon certain contingencies. Hence, the basis for the claim of usury is the acceleration provisions contained in the deeds of trust. The default clause in the deed of trust securing the $7,000 note, etc., is as follows: "That if default be made

in the payment of any indebtedness, whether principal or interest, herein provided for, when the same may become due and demandable, or if default be made in any stipulation, agreement or covenant herein contained, *then the whole of the indebtedness secured in and by this instrument may, at the option of the said party of the third part,* or any holder of said notes, or other indebtedness secured hereby, without notice to said parties of the first part, *be declared due and payable,* and the said party of the third part or any holder of said notes or any other indebtedness secured hereby, may proceed to enforce this deed of trust as hereinafter provided, or, at its, or his, option, institute proceedings respectively for the collection at law or in equity, of such amounts as may be then unpaid." (Italics ours.)

The second deed of trust securing the 1½ per cent. commission note contained the following acceleration provision: "But if default should be made in the payment of the notes secured hereby or any of them, or if any of the covenants or agreements contained in said First Trust Deed should be breached, then the whole sum of money hereby secured shall become due and payable at the election of the holder thereof, and without notice to said parties of the first part, and the party of the second part, or his successor or successors hereunder, when so requested by the party of the third part, or any holder of said note, or notes, shall sell, or cause to be sold, the property herein described, in accordance with the provisions in the First Deed of Trust. * * *"

By deed dated January 3, 1927, Felix Donley and wife conveyed to Mary Donnelly Zapalac the 188½ acres described in the deeds of trust; the deed reciting the following consideration: "For and in consideration of the sum of $2000 to us paid, and as further consideration the assumption by the said Mary Donnelly Zapalac of the following indebtedness: $7,000 represented by the assumption of a loan held by the Texas Farm Mortgage Company, at Dallas, Texas."

The trial court entered no personal judgment against either of the named defendants. The insurance company waived in open court any claim for judgment against the Donleys. The original obligation was assumed by Mrs. Zapalac after her marriage, and she pleaded her coverture as a defense. That obligation was

not assumed by her husband, Louis W. Zapalac.

■ On the submission of this case, the attorneys for the respective parties were of the opinion that it was controlled by the Supreme Court's opinion in Lincoln Nat. Life Ins. Co. v. Anderson, 80 S.W. (2d) 294. A study of the record leads us to the same conclusion, but there are now several authorities which clearly hold, we think, that the loan contract here involved is not usurious. The terms of the contract, as evidenced by the instruments composing same, do not authorize the collection of unearned or usurious interest. For other authorities sustaining our decision in this case, see opinions by this court in companion cases 84 S.W.(2d) 818, and 84 S.W.(2d) 820. Further, the two deeds of trust involved in the instant case are identical with those involved in the case of Travelers Ins. Co. v. Greer, opinion by the Amarillo Court of Civil Appeals, 83 S.W.(2d) 1020. The loan contract was there held to be free from usury. For additional authorities, see the opinion in the case of Mrs. E. K. Wellfare v. Realty Trust Company (Tex. Civ. App.) 85 S.W.(2d) 1067, this day handed down.

■ By motion, appellee calls attention to an error in the transcript made by the clerk in copying therein the findings of fact, etc. In its brief, appellee says: "Upon a discovery of the error the appellee secured a certified copy of the original findings of fact and has filed the same in this court, together with a motion for certiorari to correct the transcript. The error would change the amount of recovery so that the Travelers Insurance Company would be entitled to recover $156.51 less than the amount of the judgment." This correction will be made.

■ The appellee further calls attention to another error in the judgment and asks its correction. The foreclosure was granted on the 188½ acres, whereas the lien to the extent of 40 acres had been released by the interested parties. That 40 acres is located and described as follows: "Out of the W. A. Bass Survey, Hill County, Texas:—Beginning at the SE corner of the Felix Donnelly, Jr., 188.-3552/5646 as shown by deed records of

Hill County, Texas, in vol. 225, page 660. Thence S 60 W with the south line of said tract, 314 vrs. to the SW corner of this tract; Thence N 30 W 737.9 vrs. to the NW ——— of this tract, in the north line of the said Felix Donnelly Jr. tract; Thence about N 60 E 314 vrs to the NE corner of the Felix Donnelly Jr. 188.-3552/5646 acre tract above referred to; Thence S 30 E with the East line of said Felix Donnelly Jr. tract 730 vrs. to the place of beginning, and containing 40 acres of land surveyed by J. F. Wright, County Surveyor of Hill County, Texas, October 7, 1929."

The judgment of the trial court will be corrected and the decree of foreclosure made to conform to the above facts and extend to and cover the 188½ acres, less the 40 acres above described.

Finding no error in the judgment of the trial court, and being of the opinion that with the above corrections it is warranted by the authorities cited, the original judgment of this court is reaffirmed and this motion for rehearing is overruled.

FUNDERBURK, Justice (concurring).

The writer concurs in the action of the majority without reference to the question of usury. According to the trial court's conclusions of law, the judgment was rested upon estoppel. Mary Donnelly Zapalac purchased the land upon which the lien is sought to be foreclosed, and assumed the mortgage debt. I think it may be regarded as well settled that under such circumstances the one who assumes payment of a debt is estopped to assert usury therein. This rule is not affected, I think by the fact that Mrs. Zapalac was a married woman and could have avoided her obligation of assumption on the ground of coverture. Her assumption of the debt, voidable though it may have been, was the consideration, or a part of the consideration, by which she acquired any interest in the land and consequent right to resist foreclosure. The right of foreclosure being the only right finally determined by the judgment, I think the judgment is correct regardless of whether or not the debt for which the foreclosure was decreed involved a usurious contract.