**ZAPALAC et al. v. TRAVELERS INS. CO.**

**No. 1468.**

Court of Civil Appeals of Texas. Eastland.

May 17, 1935.

Rehearing Denied July 12, 1935.

Geo. W. Barcus, of Waco, for appellants.

Renfro & McCombs, of Dallas, for appellee.

PER CURIAM.

At the time these cases (84 S.W.(2d) 815, 820) were submitted on oral argument, the attorney for the appellants in each case frankly stated to the court that unless a motion for rehearing then pending in the Supreme Court in the case of Lincoln National Life Ins. Co. v. Anderson, 80 S.W.(2d) 294, should be granted, the judgment of the trial court in each of the above cases should be affirmed. It was stated that the question relied upon by the appellants for reversal of the judgments below was decided contrary to their contention by the Supreme Court in the above-mentioned case, and that it was conceived to be our duty to follow that opinion unless same was set aside or modified on rehearing. Our information is that the motion for rehearing in that case has been overruled without any modification of the holding in the original opinion (Tex. Com. App.) 81 S.W.(2d) 1112. We accordingly direct that a judgment of affirmance be entered in each of the above cases.

On Motion for Rehearing.

GRISSOM, Justice.

As shown by the original opinion of this court affirming the judgment of the district court, distinguished counsel for appellant, at the time this cause was submitted on oral argument, was of the opinion that if the motion for rehearing then pending in the Supreme Court in the case of Lincoln Nat. Life Ins. Co. v. Anderson, 80 S.W.(2d) 294, should be overruled, then we should affirm this case. Such motion for rehearing was overruled [see (Tex. Com. App.) 81 S.W.(2d) 1112], and we affirmed this case. Since that time counsel has changed his mind, as he had the right to do, and in motion for rehearing prays that our former judgment be set aside and the judgment of the trial court reversed and rendered.

Appellee sued appellants, seeking a judgment on certain notes and foreclosure of deed of trust lien on land. The defense was usury, and the claim of usury apparently hinged upon the contingency that the indebtedness sued on is a renewal of an old indebtedness, and that both the old and new contracts are usurious because of certain provisions in the acceleration clauses which appellants contend authorize the collection of interest at a higher rate than the law permits, and that the contract, as to interest, is void.

The first deed of trust in question executed to secure the payment of notes to the Texas Farm Mortgage Company by appellants in its acceleration clause provided in the event of default "then the whole amount of the indebtedness secured in and by this instrument may be declared due." The companion second deed of trust securing the payment of interest provided, in event of default, "the whole sum of money hereby secured shall become due and payable."

The first deed of trust executed to secure the notes renewing the above obligation provides "the whole of the indebtedness secured in and by this instrument" may be declared due. The companion second deed of trust, securing payment of interest, provides "the whole sum

of money hereby secured shall become due and payable."

The following similar provisions in notes and deeds of trust authorizing the acceleration of maturity, in event of default, under like circumstances have been held not to taint a contract with usury:

"Then the whole sum of money hereby secured" shall become due. Walker v. Temple Trust Co. (Tex. Com. App.) 80 S.W.(2d) 935.

"The whole sum of money secured hereby." Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 322.

"The whole indebtedness and all sums secured by this mortgage, to-wit, the principal and interest then accrued."

"The whole sum of money hereby secured."

"The principal sum hereby secured and all interest thereon to the date of payment thereof."

"The whole sum of money hereby secured shall become due and payable." (This provision referred solely to interest notes.)

"The principal sum hereby secured and all interest thereon shall at the option of the holder become immediately due and payable."

"The whole indebtedness and all sums secured by this mortgage, to-wit, the principal and interest then accrued on said bond."

"The whole sum of money hereby secured shall become due and payable." Lincoln Nat. Life Insurance Co. v. Anderson (Tex. Com. App.) 80 S.W.(2d) 294; Id. (Tex. Com. App.) 81 S.W.(2d) 1112.

"The whole of the indebtedness secured in and by this instrument."

"The whole sum of money hereby secured." Travelers Ins. Co. v. Greer (Tex. Civ. App.) 83 S.W.(2d) 1020.

"The said principal sum hereby secured, and all interest thereon to the date of payment thereof" shall become due.

"The whole sum of money hereby secured" shall become due. Northwestern Nat. Life Ins. Co. v. Whittington (Tex. Civ. App.) 81 S.W.(2d) 173.

In giving effect to the established rule that where a contract is of doubtful meaning, a construction that will make it legal must be adopted if it can reasonably be done giving effect to all of its provisions, the Supreme Court has held that phrases to the same effect as those used in the accelerating clauses in these contracts did not authorize the collection of unearned interest.

A distinction is made between such phrases in the accelerating clause as "entire indebtedness," "the whole of the debt," "with interest as agreed," and words of like import and words that expressly authorize the collection of notes representing unearned interest. Dunlap v. Voter (Tex. Civ. App.) 72 S.W.(2d) 1109; Burnette v. Realty Trust Co. (Tex. Civ. App.) 74 S.W.(2d) 536; Deming Inv. Co. v. Giddings, 120 Tex. 9, 30 S.W.(2d) 287; Bothwell v. F. & M. State Bank & Trust Co., 120 Tex. 1, 30 S.W.(2d) 289, 76 A. L. R. 1480; Walker v. Temple Trust Co. (Tex. Com. App.) 80 S.W.(2d) 935; Moore v. Cameron, 93 N. C. 51; Lincoln Nat. Life Ins. Co. v. Anderson (Tex. Com. App.) 80 S.W.(2d) 294; Id. (Tex. Com. App.) 81 S.W.(2d) 1112; Odell v. Commerce Farm Credit Co. (Tex. Com. App.) 80 S.W.(2d) 295; Mary Donnelly Zapalac v. Travelers Ins. Co. (Tex. Civ. App.) 84 S.W.(2d) 820, and Mrs. E. K. Wellfare v. Realty Trust Co. (Tex. Civ. App.) 85 S.W.(2d) 1067, (opinions by Chief Justice Leslie) this day decided.

We adhere to our conclusion in the original opinion and overrule the motion for rehearing.

Overruled.

FUNDERBURK, Justice (dissenting).

I can see no escape from the conclusion that the $8,000 note for recovery upon which, and for foreclosure of a lien securing which, the suit was brought, is part of a usurious contract under the authority of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269; Deming Inv. Co. v. Giddens, 120 Tex. 9, 30 S.W.(2d) 287; Dallas Trust & Sav. Bank v. Brashear (Tex. Com. App.) 65 S.W.(2d) 288; Commerce Trust Co. v. Best (Tex. Com. App.) 80 S.W.(2d) 942.

The total amount of the loan was $8,000. The shortest term of the loan under any contingency provided in the contract was one year. There were express promises, in the form of notes and coupons, to

pay at stated times, and in specified amounts, a total sum, embracing only interest upon the loan, greatly in excess of a rate of 10 per cent. per annum upon the $8,000 note for the shortest term of the loan contingently possible, i. e., one year. Aside from the coupon notes representing interest upon the $8,000 note at the rate of 5½ per cent. per annum based upon a term of 10 years, there was a separate note for $868.92, promising to pay said sum in annual installments as a part of the interest upon the $8,000 loan. The last-named obligation alone was more than 10 per cent. per annum, for the shortest term of the loan contract—one year. The contract contained no provision for abating or canceling any part of the promised payments of interest. Such promises are all and equally unconditional in form. As to the $868.92 installment note, representing only interest to be paid on the loan, it was provided in the contract as follows: "But if default should be made in the payment of the notes secured hereby or any of them * * * then the whole sum of money hereby secured shall become due and payable at the election of the holder thereof," etc. This provision for acceleration of installments of the $868.92 note being all for interest did not, and could not, alone have the effect of making the contract usurious if it otherwise was not usurious. The time at which interest is promised to be paid is immaterial in testing whether or not a given contract is usurious.

Promises to pay interest calculated upon a long-term loan which standing alone would make the contract usurious because of an omission in the contract to provide for an abatement or cancellation of the promised interest payments to correspond with a contingent shortening of the term of the loan may, of course, be controlled by a provision for such pro tanto abatement and cancellation. The contract in question expresses no such provision. No such agreement can be implied because to do so would produce a conflict between the implied agreement and the express provisions to pay the several amounts at the stated times. Another and independent reason why no such agreement can be implied is furnished by the above-quoted provision for acceleration of the interest payments. While, as said before, provisions for such acceleration could not have the effect of making the contract usurious if it was not otherwise so, the provision here does exclude any implied agreement for abatement and cancellation of a part of the promised interest payments. It has that effect because it expresses an intention inconsistent therewith. The implied agreement, if it existed, would be to the effect that upon a shortening of the term of the loan there should be a corresponding abatement or cancellation of promised interest payments so that the promises not canceled would not exceed a rate of 10 per cent. per annum upon the loan for the shortened term. But said acceleration provision is expressly to the effect that, upon the same contingency upon which the term of the loan would be shortened, all the promised interest payments should at once become due and payable. Although the acceleration of the interest payments would not make the contract usurious, it so plainly expresses the intention that they were not to be canceled as necessarily to exclude any implication that they were to be canceled. For a fuller statement of my views upon which these conclusions are based, see dissenting opinion in Wellfare v. Realty Trust Co. (Tex. Civ. App.) 85 S.W.(2d) 1067, this day decided.