**ZAPALAC et al. v. TRAVELERS INS. CO.**

**No. 1469.**

Court of Civil Appeals of Texas. Eastland.

May 17, 1935.

Rehearing Denied July 12, 1935.

**821**

Geo. W. Barcus, of Waco, for appellants.

Renfro & McCombs, of Dallas, for appellee.

## PER CURIAM.

At the time these cases (84 S.W.(2d) 815, 818) were submitted on oral argument, the attorney for the appellants in each case frankly stated to the court that unless a motion for rehearing then pending in the Supreme Court in the case of Lincoln National Life Ins. Co. v. Anderson, 80 S.W.(2d) 294, should be granted, the judgment of the trial court in each of the above cases should be affirmed. It was stated that the question relied upon by the appellants for reversal of the judgments below was decided contrary to their contention by the Supreme Court in the above-mentioned case, and that it was conceived to be our duty to follow that opinion unless same was set aside or modified on rehearing. Our information is that the motion for rehearing in that case has been overruled without any modification of the holding in the original opinion. (Tex. Com. App.) 81 S. W.(2d) 1112. We accordingly direct that a judgment of affirmance be entered in each of the above cases.

## LESLIE, Chief Justice.

### On Rehearing.

On a former day of this term of court, May 17, 1935, a brief opinion was rendered disposing of this and companion cases 84 S.W.(2d) 815, and 84 S.W.(2d) 818. In that opinion we said: "At the time these cases were submitted on oral argument, the attorney for the appellants in each case frankly stated to the court that unless a motion for rehearing then pending in the Supreme Court in the case of Lincoln Nat. Life Ins. Co. v. Anderson, 80 S.W.(2d) 294, should be granted, the judgment of the trial court in each of the above cases should be affirmed. It was stated that the question relied upon by appellants for reversal of the judgments below was decided contrary to their contention by the Supreme Court in the above mentioned case, and that it was conceived to be our duty to follow that opinion unless same was set aside or modified on rehearing. Our information is that the motion for rehearing in that case has been overruled without any modification of the holding in the original opinion (Tex. Com. App.) 81 S.W.(2d) 1112. We accordingly direct that a judgment of affirmance be entered in each of the above cases. Per Curiam."

The appellants filed a motion for rehearing in this and the companion cases, and the judgment of this court in the respective cases was contested on several different grounds. In the light of this motion for rehearing, members of this court have concluded that a more specific examination should be made of the record in each case.

This is a usury case; that is, appellee's suit on debt and for foreclosure was met with a plea of usury, etc. It is not contended, however, that any usury has ever been paid, or that there has been an attempt to require the payment of such. The cause is before this court on findings of fact and conclusions of law. There is no statement of facts. There are no bills of exception in the transcript by which the appellants complain of any findings of fact made by the trial court. As part of the findings, the court made this one: "At the time said loan contract was made it was the intention of the parties that in consideration of the loan for $6,000 the borrowers, Mary Donnelly Zapalac and Louis W. Zapalac were to repay the sum of $6,000 principal, together with interest at the rate of 6½ per cent. per annum, and it was not the intention of any party that said defendants should be required to pay interest in excess of 6½ per cent. per annum for any one year."

The notes evidencing the first loan of $5,000, one being for $3,750 and five others in the sum of $250 each, bore interest at the rate of 7 per cent. per annum from date. These principal notes were secured by a deed of trust which authorized the holders of the notes to accelerate on contingencies the maturity of "the entire sum secured hereby." A commission note representing interest at the rate of 1 per cent. per annum was secured by deed of trust on the same property and provided that in case of default as therein set out the trustee should "at the request of the holder

of any past due and unpaid note, charge or item secured hereby sell the property hereby conveyed subject to the lien of said first deed of trust, and subject also to the lien of this instrument and unmatured notes hereby secured * * * and apply the proceeds of the sale as follows: (1) * * * (2) He shall pay such portions of the debt and other sums hereby secured as shall have become due and payable at the time of instituting such proceeding with interest. * * *"

· The second or $6,000 loan was evidenced by a note in that amount bearing interest at the rate of 5½ per cent. per annum in accordance with attached interest coupons. The deed of trust securing this note authorized the holder thereof to accelerate the maturity of the "whole indebtedness secured in and by this instrument" upon default, etc. The second lien note was payable in installments at the rate of 1 per cent. interest per annum and secured by a second deed of trust which authorized the holder thereof to accelerate on contingencies maturity of the "whole sum of money hereby secured." Basically, this loan contract is the foundation of the present suit.

The examination which we have made of this record leads us to the conclusion that the attorneys for the respective litigants were correct in the conclusion that it is ruled by the Supreme Court decision in the case of Lincoln Nat. Life Ins. Co. v. Anderson, 80 S.W.(2d) 294. Other authorities with equally controlling effect are as follows: Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 322; Walker v. Temple Trust Co. (Tex. Com. App.) 80 S.W.(2d) 935; Reynolds Mort. Co. v. Thomas (Tex. Com. App.) 81 S.W.(2d) 52; Braniff Inv. Co. v. Robertson (Tex. Com. App.) 81 S.W. (2d) 45; Marble Sav. Bank v. Davis (Tex. Com. App.) 80 S.W.(2d) 298; Odell v. Commerce Farm Credit Co. (Tex. Com. App.) 80 S.W.(2d) 295; Burnette v. Realty Trust Co. (Tex. Civ. App.) 74 S.W.(2d) 536 (writ ref.); Dunlap v. Voter (Tex. Civ. App.) 72 S.W.(2d) 1109 (writ ref.); Bankers' Life Co. v. Miller (Tex. Civ. App.) 68 S.W.(2d) 574; Spiller v. Bell (Tex. Civ. App.) 55 S.W.(2d) 634; Ætna Life Ins. Co. v. Foster (Tex. Civ. App.) 66 S.W.(2d) 428; American Trust Co. v. Orson (Tex. Civ. App.) 65 S.W.(2d) 779; N. W. Nat. Life Ins. Co. v. Whittington (Tex. Civ. App.) 81 S.W.(2d) 173; Clement v. Scott (Tex. Civ. App.) 60 S.W.(2d) 258; Travelers Ins. Co. v. Greer (Tex. Civ. App.) 83 S.W.(2d) 1020; Moore v. Cameron, 93 N. C. 51.

In the case of Travelers' Ins. Co. v. Greer, supra, it appears that the loan contract here sought to be sustained by that company was held, in an able opinion by Judge Martin, to be nonusurious. The provisions for acceleration in event of default are in substance the same in this case as those set out by Judge Grissom in an opinion this day rendered in (Tex. Civ. App.) 84 S.W.(2d) 818. A somewhat lengthy discussion of such provisions and their legal effect is made by this court in an opinion this day handed down in the case of Mrs. E. K. Wellfare et al. v. Realty Trust Co. (Tex. Civ. App.) 85 S.W.(2d) 1067.

It is obvious that the language of the contracts as a whole, when fairly construed, does not make it manifest that there was a definite intention to collect usurious interest. Certainly the contract is susceptible of the construction that the parties did not contemplate the payment of unearned interest in the event of default, and the maturity of the indebtedness by virtue of the acceleration provisions.

The usury question is decisive of the case.

For the reasons assigned, we reaffirm our judgment of May 17, 1935, and overrule this motion for rehearing.

FUNDERBURK, Justice (dissenting).

Regarding the question of usury, the writer's views as expressed in Wellfare v. Realty Trust Company (Tex. Civ. App.) 85 S.W.(2d) 1067, this day decided, would lead to the conclusion that the contracts involved herein are usurious. The dissenting opinion in the last-named case may be consulted for a statement of the reasons deemed by the writer to support such conclusions.