**CONNECTICUT GENERAL LIFE INS. CO.
v. JOHNSON et al.**

**No. 1650.**

Court of Civil Appeals of Texas. Waco.
Dec. 12, 1935.

Rehearing Denied Jan. 23, 1936.

Bryan & Maxwell, of Waco, Read, Lowrance & Bates, of Dallas, and J. D. Brown, Jr., of Gatesville, for appellant.

J. L. Lipscomb and McBride, O'Donnell & Hamilton, all of Dallas, Stinnett & Stinnett, of Gatesville, and Tirey & Tirey and Geo. W. Barcus, all of Waco, for appellees.

GALLAGHER, Chief Justice.

A statement of the facts out of which this suit arose will aid a ready understanding of the issues involved. W. C. Johnson, one of the appellees, on September 26, 1916, executed and delivered to the United States Bond & Mortgage Company, a corporation, five notes bearing said date, one of which was to become due on the 1st day of January of each year from 1923 to 1927, inclusive. Each of said notes was for the sum of $1,900 and the aggregate thereof was $9,500. There were attached to each of said notes coupons representing interest thereon at the rate of 5½ per cent. per annum. Said appellee, to secure said notes and attached coupons, executed and delivered to said mortgage company a deed of trust on 259.6 acres of land. He, at the same time and as a part of the same transaction, executed and delivered to the mortgage company eleven other notes amounting in the aggregate to $1,177.61, and secured all of the same by the execution and delivery of a second deed of trust on the same land. The first of said notes was for $37.61 and was due January 1, 1917; the next six were for $142.50 each and were due one on the 1st day of January of each year from 1918 to 1923, inclusive; the eighth was for $114 and was due January 1, 1924; the ninth was for $85.50 and was due January 1, 1925; the tenth was for $57 and was due January 1, 1926; and the eleventh was for $28.50 and was due January 1, 1927. Said notes were for additional interest on the original loan or the unmatured portion thereof at the rate of 1¼ per cent. per annum, which fact was stated in the deed of trust securing the same.

Appellee W. C. Johnson on the same day, September 26, 1916, executed and delivered to said mortgage company five other notes, bearing said date, one of which was to become due on the 1st day of January of each year from 1923 to 1927, inclusive. Each of said notes was for the sum of $2,500 and the aggregate amount thereof was $12,500. There were attached to each of said notes coupons representing interest thereon at the rate of 5½ per cent. per annum. Said appellee, to secure said notes and attached coupons, executed and delivered to said mortgage company a deed of trust on 299.4 acres of land. He, at the same time and as a part of the same transaction, executed and delivered to the mortgage company eleven other notes amounting in the aggregate to $1,549.48, and secured all of the same by the execution and delivery of a second deed of trust on the same land. The first of said notes was for $49.48 and was due January 1, 1917; the next six were for $187.50 and were due on the 1st day of January of each year from 1918 to 1923, inclusive; the eighth was for $150 and was due January 1, 1924; the ninth was for $112.50 and was due January 1, 1925; the tenth was for $75 and was due January 1, 1926; and the eleventh was for $37.50 and was due January 1, 1927. Said notes were for additional interest on the original loan or the unmatured por-

tion thereof at the rate of 1¼ per cent. per annum, which fact was stated in the deed of trust securing the same.

The principal notes above described, ten in number, were all thereafter sold and transferred by said mortgage' company to appellant. All interest coupons and all interest notes on both said loans maturing on or prior to January 1, 1923, were duly paid. The original debtor and mortgagor, W. C. Johnson, had, prior to said time, divested himself of title to all the lands described in both said deeds of trust by conveying the same to his children. Allen Johnson and Parker Johnson had, prior to September 1, 1923, acquired title to 360.6 acres of the land described in said original deeds of trust and had assumed the payment of a substantial part of the original indebtedness of $22,000 evidenced by the notes of W. C. Johnson and secured by said deeds of trust. Other children of W. C. Johnson had acquired the remainder of said land and had assumed the remainder of the indebtedness. All parties desired to have the original loan divided and the newly apportioned indebtedness renewed and extended. Appellees Parker Johnson and Allen Johnson, in pursuance of the agreed plan, executed and delivered to the Dallas Trust & Savings Bank their note dated January 1, 1923, due January 1, 1933, for the sum of $14,000, with interest thereon from date at the rate of 6 per cent. per annum, payable annually, and gave a first lien deed of trust on the 360.6 acres of land owned by them to secure the same. They at the same time and as a part of the same transaction executed and delivered to said Dallas Trust & Savings Bank ten additional notes, one of which was payable on the 1st day of January of each year from 1924 to 1933, inclusive, the first two of said notes being for $350 each and the remaining eight for $140 each, and gave a second lien deed of trust on the same land to secure the same. Appellee W. C. Johnson, the original debtor, joined in the execution of all said notes and deeds of trust, but he testified that he was not at that time claiming any interest in the land. While all said instruments were dated January 1, 1923, the date to which interest had been theretofore paid, they were actually executed and delivered shortly after September 1, 1923. The Dallas Trust & Savings Bank was acting in said transaction for and on behalf of appellant, and on receipt of the $14,000 note aforesaid, indorsed the same without recourse and delivered it to appellant. The ten separate notes for additional interest were taken by said Trust & Savings Bank for its own use and it received and appropriated all collections made thereon. It, however, serviced the loan by collecting such annual installments of interest as were paid on the principal note and remitting the same to appellant. Appellees paid interest on said principal note at the rate of 6 per cent. per annum as stipulated therein to and including the year 1931, and $500 on the interest maturing January 1, 1932. They also paid the separate interest notes to said time as they matured. Some time after the execution of the last described notes and deeds of trust, the name of the Dallas Trust & Savings Bank was by charter amendment changed to Dallas Bank & Trust Company.

Appellees Parker Johnson and Allen Johnson, on December 1, 1932, filed this suit in the district court of Coryell county against appellant, Connecticut General Life Insurance Company, and appellee Dallas Bank & Trust Company, in which they asked that all unpaid notes, both principal and interest, and the deeds of trust securing the same be canceled. They alleged as ground for said relief that the original loans procured by W. C. Johnson on the 26th day of September, 1916, were usurious, and that the renewal loan was also usurious; that they were entitled to credit on the principal note held by appellant for 14⁄22, their proportionate part, of all interest paid on the original loan, and for all interest paid on the renewal loan, and that the aggregate of credits to which they were so entitled was sufficient to satisfy and discharge the unpaid principal of such renewal loan. W. C. Johnson was afterwards, by amended petition, made a party plaintiff. Appellant denied that the provisions of either of said loans rendered the same usurious, and by cross-action asked for judgment on the principal note and for foreclosure of the lien securing the same. Appellant also by cross-action asked for judgment against the Dallas Bank & Trust Company for any amount of interest payments which appellees might be permitted by the court to credit on their debt to it. Dallas Bank & Trust Company pleaded limitation as a defense to appellant's cross-action against it.

The case was tried to the court. Appellees Johnson dismissed their suit against

the Dallas Bank & Trust Company. The court heard the evidence and held that both the original loans and the renewal loan were usurious; that said appellees were entitled to have interest payments made by them in the sum of $13,100 credited on the $14,000 renewal note held by appellant, leaving only $900 of said note unpaid. Judgment was rendered in favor of appellant on its cross-action against said Johnsons for $900, with interest from January 1, 1933, the maturity of said note, and for stipulated attorney's fees, amounting in the aggregate to $1,057.81, with foreclosure of the lien securing the same. Appellant was denied any recovery against the Dallas Bank & Trust Company on its cross-action.

## Opinion.

Appellant assails the holding of the court that said loans were usurious and that appellees were entitled to credit on the principal note held by it for interest payments made by them. Appellees' claim that said transactions were usurious is based solely on the acceleration clauses contained in the respective deeds of trust involved therein. There is no claim that appellees paid as much as 10 per cent. interest on the principal of any of the debts involved in any one year. Neither is there any claim that absent the exercise of the privilege of acceleration, they could have been required to pay more than 10 per cent. on the principal of any of said debts in any one year. Such privilege of acceleration was never in fact exercised. Each of the original loans made to appellee W. C. Johnson was secured by a first deed of trust given by him. The acceleration clause in each of said first deeds of trust gave the holder of the principal note, in case of certain defaults, the option of maturing "the whole indebtedness and all sums secured by this mortgage, to-wit, the principal and interest then accrued." Each of the second deeds of trust securing the additional interest notes provided that in event of certain defaults, the "whole sum of money hereby secured shall become due and payable" at the option of the holder. The acceleration clause in the first lien deed of trust given to secure the $14,000 renewal note held by appellant is, in all material respects, in the identical language used in such clause in the first lien deeds of trust given in the original transactions as above recited. The acceleration clause in the second lien deed of trust given to secure the additional interest notes in such renewal transaction is, in all material respects, in the identical language used in such clause in the original second lien deeds of trust given to secure additional interest notes.

The language used in the several acceleration clauses as above recited is also, in all material respects, identical with the language used in the several acceleration clauses construed in the opinion of the Commission of Appeals in Lincoln National Life Insurance Company v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, in which the court held that such language evidenced an intention to collect only earned interest and that the several contracts under consideration in which such language was used were not usurious. The opinion of the Commission of Appeals in that case was adopted by the Supreme Court. A motion for rehearing was overruled, 124 Tex. 556, 81 S.W.(2d) 1112. Said opinion has been cited and followed in the following cases: Marble Savings Bank v. Davis, 124 Tex. 560, 80 S.W.(2d) 298; Travelers Ins. Co. v. Greer (Tex. Civ.App.) 83 S.W.(2d) 1020, 1021, par. 3; Donley v. Travelers Ins. Co. (Tex. Civ.App.) 84 S.W.(2d) 815, 817, par. 1; Zapalac v. Travelers Ins. Co. (Tex.Civ. App.) 84 S.W.(2d) 818 (writ refused); Zapalac v. Travelers Ins. Co. (Tex.Civ. App.) 84 S.W.(2d) 820. It has been cited with approval in the following additional cases: Odell v. Commerce Farm Credit Co., 124 Tex. 538, 80 S.W.(2d) 295, 297, par. 3; D. H. Scott & Son v. Wallace (Tex.Civ.App.) 83 S.W.(2d) 1032, 1033, 1034, par. 1; Southwestern Life Ins. Co. v. Stanley (Tex.Civ.App.) 84 S.W.(2d) 1084, 1086, par. 1; Lubbock Hotel Co. v. Guaranty Bank & Trust Co. (C.C.A.) 77 F.(2d) 152, 156. Under the authorities above cited, the language of the several acceleration clauses contained in the various deeds of trust involved does not evidence an intention on the part of the lender to collect unearned interest, and none of the contracts involved herein were usurious.

The other issues presented in this appeal are by such holding rendered immaterial to the disposition of the same. The judgment of the trial court dismissing appellees' suit against the Dallas Bank & Trust Company and denying appellant any recovery against the same is affirmed. So far as said judgment establishes the right of appellees Johnson to have interest payments credited on the principal of said

note and so far as the same awards appellant recovery on its cross-action for the amount of said note after application of such credits, the same is here reversed and the cause remanded, with instructions to the trial court to deny said appellees credit on the principal of said note for any interest paid and to render judgment in favor of appellant against said appellees for the full amount of the principal note of $14,000, together with all unpaid interest thereon and attorney's fees as provided therein, with a foreclosure of the lien securing the same.