**RUTLAND SAV. BANK v. FERGUSON et al.**

No. 4558.

Court of Civil Appeals of Texas. Amarillo. Feb. 10, 1936.

Renfro, McCombs & Kilgore, of Dallas, for appellant.

John Davis, of Dallas, and Ocie Speer, of Austin, for appellees.

MARTIN, Justice.

Appellant filed suit against appellees, asking for judgment on a note, interest thereon, and attorney's fees, and for foreclosure of its lien against appellees and others. The answer of appellees was that the contract sued on was usurious, and asked for an abatement of the principal in the amount of the interest payments.

312

The judgment was in accordance with appellees' prayer.

■ The note sued on was for $12,500, with interest payable annually at 6 per cent. per annum, secured by a trust deed on land in Bell county, and drew interest at 10 per cent. per annum after maturity. This note further provided:

"But should default be made in the payment of the interest at the time or in the manner specified, then the whole sum of principal and interest remaining unpaid shall at the option of the holder of this note immediately become due and payable.

"This note is to be construed according to the laws of Texas."

That trust deed, among other stipulations, provided that:

" * * * Nothing herein or in this conveyance shall be construed to require the payment of more than 10% per annum on the debt secured hereby.

"In the event of a breach of any of the aforesaid covenants or agreements the whole of the indebtedness secured hereby, including principal and all accrued interest, shall at the option of the legal holder of said principal note, without notice, become immediately due and collectible, anything herein or in said principal note to the contrary notwithstanding and bearing interest from the date of such maturity at the rate of 10% per annum."

Contemporaneously therewith there was executed and delivered another trust deed to secure a note for $1,239.19, payable in installments, and which provided in part:

"This trust deed is subject to a first trust deed to Harry Lee Taft above referred to. The note hereby secured is given for a part of the interest on the note secured by the first trust deed. * * *

"It is agreed that if the note hereby secured is paid according to its terms, this conveyance shall be void, but if the note hereby secured and each and every installment thereof is not paid promptly when due; or in case of a breach of any of the covenants or agreements in said first trust deed, all of which are adopted and made a part of this agreement as fully to all intents and purposes as if written at length herein, then the whole sum of money hereby secured shall become due and payable at the election of the holder of said note."

This note was not introduced, but apparently was additional interest of 1 per cent. per annum on the note for $12,500 sued on herein.

It is not claimed that any usurious interest was actually paid by appellees.

The contract in its controlling essentials does not differ materially from that construed by Judge German in Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935, nor from the later case of Zapalac et al. v. Travelers Ins. Co. (Tex.Civ.App.) 84 S.W.(2d) 818, 820 (writ refused). Both opinions construe a similar contract as untainted by usury, and we feel compelled here to follow these. The reasons fully appear therein and a further discussion would be useless.

■ Appellant pleaded that the note sued on provided for 10 per cent. attorney's fees and asked for this amount. The note does not so provide, and no recovery will be allowed thereon.

The judgment of the trial court will be reversed and here rendered for the full amount of the principal and all interest due on said note, with a foreclosure of lien as prayed for.

Reversed and rendered.