**CONNECTICUT GENERAL LIFE INS. CO. v. JOHNSON et al.**

**No. 1651.**

Court of Civil Appeals of Texas. Waco.

Dec. 12, 1935.

Rehearing Denied Jan. 23, 1936.

Bryan & Maxwell, of Waco, Read, Lawrance & Bates, of Dallas, and J. D. Brown, Jr., of Gatesville, for appellants.

J. L. Lipscomb and McBride, O'Donnell & Hamilton, all of Dallas, Stinnett & Stinnett, of Gatesville, and Tirey & Tirey and Geo. W. Barcus, all of Waco, for appellees.

GALLAGHER, Chief Justice.

This is a companion case to No. 1650 on the docket of this court, entitled Connecticut General Life Insurance Company, Appellant, v. Parker Johnson et al., Appellees, 89 S.W.(2d) 1106, this day decided, which case will be hereinafter designated by said number. We refer to our opinion in that case for a statement of material facts out of which this controversy arose. Paul Johnson had, prior to September 1, 1923, acquired title to 100 acres of the land described in one of the two original deeds of trust given by W. C. Johnson to the United States Bond & Mortgage Company to secure the $22,000 loaned to him by it, and had assumed $4,000 of said indebtedness. He assented to and participated in the plan to divide the original loans and to renew and extend the indebtedness as apportioned. He, joined by his wife, Gladyce Johnson, and by W. C. Johnson, in pursuance of the agreed plan, executed and delivered to Dallas Trust & Savings Bank their note dated

January 1, 1923, due January 1, 1933, for the sum of $4,000, with interest thereon from date at the rate of 6 per cent. per annum, payable annually, and gave a first deed of trust on the 100 acres of land owned by him to secure the same. They, at the same time and as a part of the same transaction, executed and delivered to Dallas Trust & Savings Bank ten additional notes, one of which was payable on the 1st day of January of each year from 1924 to 1933, inclusive, the first two of said notes being for $100 each and the remaining eight for $40 each, and gave a second lien deed of trust on the same land to secure the same. While all of said instruments were dated January 1, 1923, the date to which interest had been theretofore paid, they were actually executed and delivered shortly after September 1, 1923. The Dallas Trust & Savings Bank was acting in said transaction for and on behalf of appellant, and on receipt of the $4,000 note aforesaid, indorsed the same without recourse and delivered it to appellant. The ten separate notes for additional interest were taken by said Trust & Savings Bank for its own use and it received and appropriated all collections made thereon. It, however, serviced the loan by collecting such annual installments of interest as were paid on the principal note and remitting the same to appellant. Appellees, or their predecessors in title, paid interest on said principal note at the rate of 6 per cent. per annum as stipulated therein to and including the year 1932. They also paid the separate interest notes to said time as they matured. Some time after the execution of the last described notes and deeds of trust the name of the Dallas Trust & Savings Bank was by charter amendment changed to Dallas Bank & Trust Company.

Appellees Parker Johnson and Allen Johnson, who had theretofore acquired title to said 100-acre tract of land and had assumed the payment of said $4,000 note, joined by W. C. Johnson, on December 1, 1932, filed this suit against appellant, Connecticut General Life Insurance Company, and appellee Dallas Bank & Trust Company, in which they asked that all unpaid notes, both principal and interest, and the deeds of trust securing the same, be canceled. Paul Johnson and his wife, Gladyce Johnson, were by amended petition made parties to the suit. Appellees alleged as ground for such relief that both the original loans and renewal loans involved herein were usurious; that they were enti-

tled to credit on said $4,000 note for four twenty-seconds, their proportionate part, of all interest paid on the original loan, and for all interest paid on the renewal loan; and that the aggregate of such payments was sufficient to extinguish said principal note, which they sought to have canceled. Appellant denied that any of said transactions were usurious, and by cross-action asked for judgment on the principal note, with foreclosure of lien, or, in the alternative, for judgment against the Dallas Bank & Trust Company for any interest which might be applied in reduction of the principal of its debt.

The case was tried to the court and appellees Johnson dismissed their suit against the Dallas Bank & Trust Company. The court heard the evidence and held that both the original loans and the renewal loans were usurious; that appellees were entitled to credit for interest payments made in the sum of $3,600, and rendered judgment in appellant's favor on its cross-action for the sum of $400, with interest and attorney's fees thereon, and foreclosure of lien to secure the same on said tract of land. Appellant was denied any recovery against the Dallas Bank & Trust Company.

Appellant assails the holding of the court that said loans were usurious and that appellees were entitled to credit on the principal note held by it for interest payments theretofore made. Appellees' contention that said transactions were usurious is based on the acceleration clauses contained in the respective deeds of trust involved herein. Such clauses contained in the several deeds of trust securing the original notes given by W. C. Johnson to United States Bond & Mortgage Company were considered in said cause No. 1650. Such clauses in the renewal deeds of trust involved in this case were in all material respects identical with the acceleration clauses in the deeds of trust securing the renewal loan in that case. We there held that none of said clauses evidenced an intention on the part of the lender to collect unearned interest and cited authorities sustaining such holding.

The judgment of the trial court is affirmed, except in so far as the same established the right of appellees herein to have interest payments credited on the principal of the note held by appellant and limited appellant's recovery on its cross action.

1112

Said judgment is in such respects reversed and the cause remanded, with instructions to deny credit on the principal of said note for any interest payments and to render judgment in favor of appellant against all the appellees (except Gladyce Johnson, a feme covert) for the full amount of the principal note of $4,000, together with all unpaid interest thereon and attorney's fees as therein provided, with a foreclosure of the lien securing the same against said appellees, including said Mrs. Johnson.