## J. L. ODELL ET AL. V. COMMERCE FARM CREDIT COMPANY ET AL.

No. 6721. Decided March 27, 1935.
(80 S. W., 2d Series, 295.)

*T. R. Odell,* of Haskell, for plaintiffs in error.

The notes and deeds of trust considered together constituted a usurious contract. Bothwell v. Farmers' & Merchants' State Bank, 120 Texas, 1, 30 S. W. (2d) 289; Deming Inv. Co. v. Giddens, 120 Texas, 9, 30 S. W. (2d) 287; Alston v. Greene, 43 S. W. (2d) 478; Parks v. Lubbock, 92 Texas, 637.

*Terrell, Davis, Hall & Clements,* of San Antonio, for defendants in error.

The notes and deeds of trust when considered together did not constitute a contract of usury. Spiller v. Bell, 55 S. W. (2d) 634; Clement v. Scott, 60 S. W. (2d) 258; Aetna Life Ins. Co. v. Foster, 66 S. W. (2d) 428.

*Locke, Locke, Stroud & Randolph,* of Dallas, filed brief as amici curiae.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals.

The controlling question in this case is whether the contract evidenced by notes and deeds of trust executed by plaintiffs in error was a contract for usury.

The action brought and tried is for the title and possession of the land described in the deeds of trust, following its purchase by defendant in error, Commerce Trust Company, at trustee's sale. The trial court's judgment in favor of said defendant in error was affirmed by the Court of Civil Appeals. 67 S. W. (2d) 626.

The first contention made by plaintiffs in error is that the contract was tainted with usury, that, therefore, payments of interest were, as a matter of law, applied to the principal and that when they were so applied there was no unpaid principal note past due at the time of the trustee's sale.

Plaintiffs in error borrowed $8500.00 from Commerce Farm Credit Company executing six principal notes, five for $200.00 each, due annually January 1, 1928, to January 1, 1932, respectively, and one for $7500.00 due January 1, 1937. Attached to

540

each principal note were coupon notes payable annually up to the time of the maturity of the principal note and representing interest at the rate of 5½% per annum. These principal notes and coupons were secured by a first deed of trust. At the same time ten other notes were executed by plaintiffs in error due annually and each representing additional interest on the principal notes at the rate of 1% per annum. These notes were secured by a second deed of trust. All of the notes were transferred to Commerce Trust Company and to its plaintiffs in error paid all of the principal and interest notes as they matured to and including those which became due January 1, 1931. The principal note maturing January 1, 1932, was not paid when due and Commerce Trust Company, because of such default and because of default in the payment by plaintiffs in error of taxes for the years 1930 and 1931, exercised its option, declared the entire principal indebtedness due and caused the trustee's sale to be made. The payments of interest made were at the rate of 6½% per annum.

Plaintiffs in error contend that the contract is usurious because it gives to the owner of the notes the option upon default to mature all of the notes, both those for principal and those representing unearned interest, and thus to collect interest at a greater rate than 10%.

Judge Hickman, who wrote the opinion of the Court of Civil Appeals, carefully reviewed the several instruments constituting the contract and, in our opinion, correctly concluded that they did not contemplate or provide for the collection of unearned interest and that the contract was not usurious.

Each of the principal notes contains the following:

"If this Bond or any installment of interest thereon is not paid when due, *the principal of this and all other Bonds forming a part of this series shall become due and collectible* at once without notice at the option of the holder. The principal of this Bond from and after its maturity, and all past due interest thereon, shall bear interest at the rate of ten per centum per annum, payable annually, from due date thereof until paid." (Italics ours.)

The first deed of trust in describing the terms of the principal notes contains the following recital:

"Said bond(s) further provides that if the principal or any installment of interest thereon is not paid when due, *then the entire indebtedness shall become due and collectible* at once without notice, at the option of the holder." (Italics ours.)

The said deed of trust contains also the following provisions:

"Now, therefore, if default shall be made in the payment of the principal or any installment of interest upon said bond(s) or any part of them when due, and any one of said sums shall remain unpaid, or in the case of the breach of any of the covenants, conditions or agreements herein mentioned or contained in said bond(s), or in any case herein provided, or if any tax assessment mentioned in clause 3 foregoing shall be imposed within the State of Texas, then at the option of the legal holders of said bond(s) *the same with interest and all other indebtedness and charges secured hereby shall, without notice, become due and payable,* and on the application of the said legal holder or holders, or any of them, the said Trustee, his successor or substitute appointed hereunder is hereby empowered to take possession of said property and to sell the same to the highest bidder. * * *

"The proceeds of said sale shall be applied as follows: First: To the payment of all expenses of advertising, selling and conveying said premises, including attorney's fees as provided in said bond(s) and a commission to the Trustee making said sale of five (5%) per cent of the indebtedness then due hereunder. Second: *To the payment of the indebtedness secured hereby* and the balance, if any, shall be paid to grantor(s) or his (her) (their) heirs, assigns or personal representatives." (Italics ours.)

The second deed of trust securing the notes which represent interest at 1% describes those notes and recites that they are given as a part of the agreed interest on the principal debt secured by the first deed of trust. It contains the following:

"Payments made prior to maturity on the bond(s) or notes secured by said First Deed of Trust shall not entitle the notes secured hereby to any reduction, but it is agreed and understood that if said bond(s) or note(s) is (are) matured by the holder(s) thereof, on account of default in payment of any installment of interest thereon, or in the non-performance of any of the stipulations, conditions or agreements contained in said Deed of Trust, or if matured by operation of law, and foreclosure is had under said First Deed of Trust, *the said notes hereby secured shall be cancelled to the extent that they represent unearned interest.*

"If the notes secured hereby are paid according to their terms this conveyance shall be void and shall be released at grantor's expense; but if default be made in the payment of said notes, or any of them, when due, or in the payment of any other indebtedness that may become secured hereby, then, at

the option and request of the legal holder(s), the said Trustee or his successor hereunder, shall sell said premises, subject to the notes above described which have not then matured, after notice and in the manner prescribed in said First Deed of Trust, and execute and deliver a good and sufficient deed therefor and receive the proceeds of such sale, which shall be applied as follows: First: To the expense of making the sale, including compensation of the trustee; Second: *To the payment of the indebtedness hereby secured and then due.* Third: To the payment of any delinquent interest, taxes, attorney's fees, or other sums due under the terms of said First Deed of Trust, and the balance, if any shall be paid to the grantor(s), their heirs or assigns. And such sale shall not be held to exhaust the powers granted to said trustee, or his successor hereunder, but same shall survive and subsequent sales may be had upon such a default so long as any of the indebtedness secured hereby remains unpaid." (Italics ours.)

■ The clause quoted from the principal notes of course could not be construed as authorizing the collection of unearned interest, since it gives the holder the option to declare due only the principal of the notes. The acceleration clause in the first deed of trust provides, in substance, that upon default the said notes (meaning the principal notes) with interest shall at the option of the holder become due and payable. The word "interest" as here used is not to be construed as including unearned interest. This language of the first deed of trust is no different either in meaning or in legal effect from the language in the deed of trust in Dugan v. Lewis (79 Texas, 249, 14 S. W., 1024), that "the whole sum of money secured thereby" shall become due and payable, for that deed of trust secured the principal and interest of the notes which it described. The Supreme Court held in Dugan v. Lewis that unaccrued interest did not come within the proper meaning of the stipulation in the deed of trust. It is also to be observed that the principal notes in this case, in so far as they speak on the subject of acceleration, are in substantially the same language as that of the principal notes in Dugan v. Lewis. The notes in both cases give the option to declare the principal due.

Justice Greenwood in Shropshire v. Commerce Farm Credit Company (120 Texas, 400, 30 S. W. (2d) 282, 39 S. W. (2d) 11) approved Dugan v. Lewis and stated that the language of the deed of trust, coupled with the explicit words of the note, was susceptible of the interpretation that the unearned interest was not collectible. Thus both Dugan v. Lewis and the Shropshire

case sustain the conclusion of the Court of Civil Appeals in this case that the principal notes and the first deed of trust construed together do not evidence a usurious contract.

█ That part of the first deed of trust which undertakes to describe the principal notes states, in substance, that upon default "the entire indebtedness" shall become due. If this description were in conflict with the recitals in the notes themselves, the recitals, and not the description of them, would control, but there is no conflict. As here used, the words "entire indebtedness" mean the same thing as "the whole sum of money secured hereby" and as "the same (the notes or bonds) with interest." Unaccrued interest does not come within the proper meaning of any of the three quoted phrases as appearing in the deed of trust in Dugan v. Lewis and in the deed of trust in this case. See Lincoln National Life Insurance Co. v. Anderson (this day decided, opinion by Judge German, 124 Texas, 556, 80 S. W. (2d) 294); and see the following cases decided by the Courts of Civil Appeals, in each of which application for writ of error was refused; Burnette v. Realty Trust Co., 74 S. W. (2d) 536; Bankers Life Co. v. Miller, 68 S. W. (2d) 574; American Trust Co. v. Orson, 65 S. W. (2d) 779; Clement v. Scott, 60 S. W. (2d) 258. See also: Aetna Life Insurance Co. v. Foster, 66 S. W. (2d) 428; Spiller v. Bell, 55 S. W. (2d) 634.

The second deed of trust contains no acceleration clause and no language giving either expressly or by implication the option to mature and collect all interest notes secured by it. On the contrary, that part of this deed of trust which has hereinbefore been quoted clearly shows the intention that only accrued or earned interest shall be collected and that unearned interest shall be abated. It expressly states that if the notes secured by the first deed of trust are matured the notes secured by the second lien shall be cancelled to the extent that they represent unearned interest and when it deals with proceeds of foreclosure sale it directs that they be applied to the payment of the indebtedness then due.

The judgments of the trial court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court March 27, 1935.