**LINCOLN NATIONAL LIFE INS. CO., Plaintiff in Error, v. Kin V. ANDERSON, Defendant in Error.**

Motion No. 11882; Nos. 1535–1828–6815.

Commission of Appeals of Texas, Sections A and B.

May 1, 1935.

For original opinion, see 80 S.W.(2d) 294.

Leake, Henry & Young, of Dallas, for plaintiff in error.

T. Wesley Hook, of Alvarado, and John B, Poindexter, Jr., of Dallas, for defendant in error.

..GERMAN, Commissioner.

In view of the earnest insistence of counsel for defendant in error in motion for rehearing that the holding in this case is in conflict with the decision in the case of Dallas Trust & Savings Bank v. Brashear (Tex. Com. App.) 65 S.W.(2d) 288, a word of comment is appropriate. It is insisted that the form of contract in this case is identical with the form of contract which was involved in the Brashear Case. This may be true, but the significant feature of the Brashear Case was that the 2 per cent. additional interest on the principal loan for the ten-year period was "squeezed" into five installments, payable during the first five years of the loan. This resulted in the actual payment of more than 10 per cent. interest for the first year. This was expressly pointed out at page 292 of 65 S.W.(2d), where it is said: "As to the Dallas Trust & Savings Bank, the two obligations evidenced a single transaction, and said company collected, and Brashear paid, interest for the first year amounting to 7 per cent. on $3,000, or $210, plus $102.67 (interest note No. 1 of obligation No. 2), total $312.67, exclusive of the compounded interest on such total, from the due date thereof (May 1, 1922) to date of payment (September 9, 1922); this was clearly in excess of 10 per cent. per annum, and usurious as to the Dallas Trust & Savings Bank."

It is evident therefore that the decision in the Brashear Case did not turn upon the accelerative provisions of the deed of trust at all, but on the fact that there was actually a usurious rate of interest provided for and paid during the first year of the loan. No similar contention is made in this case.

The motion of defendant in error is overruled.

Opinion adopted by the Supreme Court.