**CONNECTICUT GENERAL LIFE INS. CO.**
**v. JOHNSON et al.**
**No. 1652.**

Court of Civil Appeals of Texas. Waco.
Dec. 12, 1935.

Rehearing Denied Jan. 23, 1936.

Bryan & Maxwell, of Waco, Read, Lowrance & Bates, of Dallas, and J. D. Brown, Jr., of Gatesville, for appellant.

J. L. Lipscomb and McBride, O'Donnell & Hamilton, all of Dallas, Stinnett & Stinnett, of Gatesville, and Tirey & Tirey and Geo. W. Barcus, all of Waco, for appellees.

GALLAGHER, Chief Justice.

This is a companion case to Nos. 1650 and 1651 on the docket of this court, both entitled Connecticut General Life Insurance Company, Appellant, v. Parker Johnson et al., Appellees, 89 S.W.(2d) 1106, 1110, which cases will be hereinafter designated by said numbers. We refer to our opinion in those cases for a statement of material facts out of which this controversy arose. The facts in this particular case are substantially the same as in case No. 1651. King Johnson had, prior to September 1, 1923, acquired title to the remaining 90 acres of the lands described in the original deeds of trust, and had assumed $4,000 of, the original indebtedness secured thereby. He also assented to and participated in the plan to divide the original loans and to renew and extend the indebtedness apportioned to him. He and W. C. Johnson executed and delivered first and second lien notes and deeds of trust as in the other cases. These renewal notes and deeds of trust were in the same form, bore the same dates of execution and maturity, and were for the same amounts as in cause No. 1651, but the security was the 90 acres of land owned by King Johnson, as aforesaid. Interest payments were made on this renewal loan in the same amount as in cause No. 1651.

Appellee, Tull Johnson, who had theretofore acquired title to said 90 acres of land and had assumed the payment of the notes secured by the deeds of trust thereon, joined by W. C. Johnson, on December 1, 1932, filed this suit against appellant, Connecticut General Life Insurance Company, and appellee Dallas Bank & Trust Company, in which they asked that all unpaid notes, both principal and interest, and the deeds of trust securing the same, be

canceled on the ground that all said transactions were usurious and that sufficient interest had been paid to extinguish the principal debt. The pleadings of appellant, both defensive and affirmative, were the same as in cause 1651 and the judgment of the court was also the same, except that appellant's recovery on its cross-action was against Tull Johnson and W. C. Johnson, plaintiffs in the suit.

The only issue presented by appellant in this appeal which it is necessary to consider is its denial that any of the transactions assailed by appellees were in legal effect usurious. We sustained this contention in both the preceding cases and cited authorities supporting our holding.

The judgment of the trial court is affirmed, except in so far as the same established the right of the appellees herein to have interest payments credited on the principal of the note held by appellant and limited appellant's recovery on its cross-action. Said judgment is in such respects reversed and the cause remanded, with instructions to deny credit on the principal of said note for any interest payments and to render judgment in favor of appellant against appellees Tull Johnson and W. C. Johnson for the full amount of the principal note of $4,000, together with all unpaid interest thereon and attorney's fees as therein provided, with a foreclosure of the lien securing the same.