**VOLUNTEER STATE LIFE INS. CO. et al.**
**v. LYNCH et ux.**

No. 4836.

Court of Civil Appeals of Texas.
Texarkana.

April 24, 1936.

Rehearing Denied April 30, 1936.

Clark, Harrell & Clark, of Greenville, and D. H. Barker, Jr., of Chattanooga, Tenn., for appellants.

Neyland & Neyland and B. M. McMahan, all of Greenville, for appellees.

JOHNSON, Chief Justice.

In consideration of a loan of $10,000, appellees, O. J. Lynch and wife, resident citizens of Hunt county, Tex., executed to the Thomas Mortgage Company, a corporation having its domicile and principal office in Emporia, state of Kansas, the following notes and deeds of trust, each dated November 23, 1930:

One note for $10,000, due January 1, 1930. Ten interest coupon notes, representing interest on the principal note at the rate of 7 per cent. per annum, the first for $58.33 and nine for $700 each, maturing, one on the 1st day of January each year, 1921–1930, inclusive. These notes were secured by a first lien deed of trust on 804.7 acres of land located in Hunt county, Tex.

At the same time appellees executed a second series of ten notes, representing interest on the above-mentioned principal note, at the rate of 1 per cent. per annum, the first for $10.56 and nine for $100 each, maturing, one on the 1st day of January each year, 1921–1930, inclusive. This second series of interest notes was secured by a second lien deed of trust on the same land.

On September 25, 1922, the Thomas Mortgage Company in consideration of $10,000 assigned the principal note and the unpaid interest coupon notes of the first series and the first lien deed of trust securing same to the Volunteer State Life Insurance Company of Chattanooga, Tenn.

The Thomas Mortgage Company continued to own the second series of interest notes and the second lien deed of trust securing same.

On January 2, 1930, appellees executed to the Volunteer State Life Insurance Company a renewal of the $10,000 note including in such renewal certain unpaid past-due interest and certain sums which the Volunteer State Life Insurance Company had advanced under the provisions of its deed of trust in payment of delinquent taxes upon the land, the renewal indebtedness aggregating $11,958.35, evidenced by two notes, one for $458.35 due January 1, 1931, and one for $11,500 due January 1, 1935, all bearing interest from date at rate of 6 per cent. per annum. The first lien deed of trust was renewed and evidenced by a new deed of trust securing the payment of the new notes.

In 1932, appellees having defaulted in the payment of the indebtedness as evidenced by the renewal notes, and in the payment of certain taxes due upon the land, the trustee named in the deed of trust, at the request of the Volunteer State Life Insurance Company, proceeded to advertise the land for sale on the first Tuesday in October, 1932, in satisfaction of the indebtedness.

On September 30, 1932, appellees filed this suit against the Volunteer State Life

Insurance Company, and the trustee named in its deed of trust, and the Thomas Mortgage Company, alleging, in substance, that the original contract between appellees and the Thomas Mortgage Company was usurious, by reason of the acceleration clause in the second lien deed of trust; that the interest paid by appellees upon the original loan should have been applied upon the principal before renewal; and that failure to do so tainted the renewal notes with usury to that extent. Appellees prayed that the principal of the renewal notes be now credited with the amount of interest which appellees had paid upon the original $10,000.

The Thomas Mortgage Company did not answer. The Volunteer State Life Insurance Company and the trustee in its deed of trust answered. The Volunteer State Life Insurance Company specially denied any usury in either of the original or renewal contracts; pleaded waiver and estoppel on the part of appellees; and by cross-action sought judgment on the renewal notes and foreclosure of the lien on the land. Trial was had to the court without a jury. The trial court declared that the original contract evidenced usury by reason of the acceleration clause in the second deed of trust, and credited the principal with the amount of interest which appellees had paid upon the original indebtedness, and rendered judgment for the Volunteer State Life Insurance Company for the remainder of the indebtedness as evidenced by its renewal notes and for foreclosure of its lien. The Volunteer State Life Insurance Company and the trustee named in its deed of trust have appealed.

The conclusion we have reached with respect to the controlling question of usury renders discussion of the other questions presented by the appeal unnecessary. The charge of usury is based solely upon the acceleration clause of the second deed of trust. There is no contention that any of the terms of any of the other instruments, original or renewal, evidenced an intention, under any contingency, to collect more than a lawful amount of interest, nor is it contended that appellees have in fact paid interest in excess of the rate of 8 per cent. per annum.

None of the notes executed by appellees to the Thomas Mortgage Company were introduced in evidence, but it was agreed upon the trial of the case that the deeds of trust correctly described them.

The pertinent provisions of the first deed of trust read:

"This conveyance is intended, however, as a Trust for the better securing of one promissory note of even date herewith executed by the makers hereof, payable to the order of The Thomas Mortgage Company, whose residence and post office address is Emporia, Kansas, at its office in Emporia, Kansas, as follows: $10,000 due January 1st, 1930, with interest as provided, payable annually, and ten per cent attorney's fees if placed in the hands of an attorney for collection; with a special agreement in the delivery of said note; that if any of said interest remains unpaid after maturity, then at the option of the holder of said note, *the whole principal, with accrued interest* shall at once become due and payable, and the holder may proceed to collect the same by sale under this Deed of Trust, or otherwise, as such holder may elect. (Italics ours.)

"But in case of default on our part in performance of any of the agreements herein contained, we, the grantors, hereby fully authorize and empower said Trustee * * * to sell said property * * * and receive the proceeds, the same to be applied as follows: First, * * * Second, * * * Third, to the payment of said *note with all interest thereon*, also taxes, assessments and advances made as aforesaid, with interest thereon, and lastly, to hold the remainder of moneys, if any, subject to our order."

The pertinent terms of the second deed of trust are:

"This conveyance is intended as a Trust to secure the payment of the sum of Nine Hundred Ten 7 56/100 Dollars, according to the terms of ten promissory notes this day executed by the parties of the first part, to the order of the Thomas Mortgage Company, payable at its offices in Emporia, Kansas, payable the first $10.56 on the first day of January, 1921, the second $100 on the first day of January, 1922, and one installment of $100 on the first day of each January thereafter, until the entire sum is fully paid, each note to bear interest at the rate of ten per cent per annum after the same becomes due.

"This Deed of Trust *is made subject to said First Deed of Trust* to Howard B. Thomas, Trustee, securing note or notes aggregating $10,000.00 payable to The Thomas Mortgage Company, of Emporia, Kansas. *Said notes herein above described, being given for a part of the interest on a loan of*

*$10,000.00* as evidenced by said First Deed of Trust of even date herewith, and the said Thomas Mortgage Company shall have all the rights of subrogation secured to it by said First Deed of Trust.

"* * * But if default be made in the payment of any of the notes hereby secured, or the note or notes secured by the First Deed of Trust aforesaid, or if default should be made in the compliance of any of the terms or conditions of said First Deed of Trust, which are hereby adopted and made a part of this instrument, *then the whole sum of money hereby secured shall become due and payable,* at the election of the holder hereof, without notice of said election to the grantors, and the grantors hereby fully authorize and empower the said Howard B. Thomas, Trustee, * * * to sell said land * * * and receive the proceeds of said sale, to be applied as follows: First, to the cost and expense of making said sale, including 10% of the whole amount due to said Howard B. Thomas, Trustee, or any substitute trustee, for services; Second, to the payment and satisfaction of said note or notes hereby secured; Third, to the payment and satisfaction of said note or notes secured by the above-mentioned First Deed of Trust, or of any taxes, insurance, or other sums due under the terms of said First Deed of Trust, according to the conditions thereof; Fourth, the balance, if any, to be paid to the undersigned or to his heirs, assigns or legal representatives of the undersigned." (Italics ours.)

The terms of the instruments here presented for construction are directly in point with and are not distinguishable from the terms of the instruments construed and held to evidence an intention only to collect earned interest, and not usurious, in the opinion of the Commission of Appeals, adopted by the Supreme Court, in the case of Lincoln National Life Insurance Company v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, 295, motion for rehearing overruled 81 S.W. (2d) 1112. From that opinion we quote:

"The principal note provided, in event of certain defaults, that 'the said *principal sum hereby secured and all interest* thereon shall at the option of the holder become immediately due and payable.' It is obvious that the expression 'all interest thereon' meant only accrued interest. This is made more obvious by the accelerative provision in the deed of trust which provided that 'the whole indebtedness and all sums se-cured by this mortgage, to wit, the *principal and interest then accrued* on said bond,' might be declared due and payable.

"The second deed of trust securing the additional interest notes provided that in event of certain defaults the 'whole sum of money hereby secured shall become due and payable' at the option of the holder.

"Under the authorities cited, this evidences an intention to collect only earned interest and the contract was not usurious." (Italics ours.)

Acceleration under the first deed of trust in the present case matures "the whole principal and accrued interest." The language of the first mortgage quoted from the above opinion is "the principal and interest then accrued." The language in the acceleration clause of the second deed of trust under consideration, upon which alone the claim of usury is based, in the present case, is exactly the same as contained in the second deed of trust described in the above-quoted opinion; namely, "the 'whole sum of money hereby secured.' "

The expression "the whole sum of money hereby secured," as here used, is construed not to include within its proper meaning unaccrued interest. Odell v. Commerce Farm Credit Co., 124 Tex. 538, 80 S.W. (2d) 295, 297: "As here used, the words 'entire indebtedness' mean the same thing as 'the whole sum of money secured hereby' and as 'the same (the notes or bonds) with interest.' Unaccrued interest does not come within the proper meaning of any of the three quoted phrases as appearing in the deed of trust in Dugan v. Lewis [79 Tex. 246, 14 S.W. 1024, 12 L.R.A. 93, 23 Am.St.Rep. 332] and in the deed of trust in this case."

It is further noted that the second deed of trust in the present case expressly states that the notes secured by it were "given for a part of the interest" on the principal note. See Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935.

The decision in Lincoln National Ins. Co. v. Anderson, supra, is controlling in decision of this case, and it has been cited and followed in the following cases: Marble Savings Bank v. Davis, 124 Tex. 560, 80 S.W.(2d) 298; Travelers Ins. Co. v. Greer (Tex.Civ.App.) 83 S.W.(2d) 1020, 1021, par. 3; Donley v. Travelers Ins. Co. (Tex. Civ.App.) 84 S.W.(2d) 815, 817, par. 1; Zapalac v. Travelers Ins. Co. (Tex.Civ. App.) 84 S.W.(2d) 818 (writ refused); Zapalac v. Travelers Ins. Co. (Tex.Civ.

App.) 84 S.W.(2d) 820; Connecticut General Life Ins. Co. v. Johnson (Tex.Civ. App.) 89 S.W.(2d) 1109. It has been cited with approval in the following additional cases: Odell v. Commerce Farm Credit Co., 124 Tex. 538, 80 S.W.(2d) 295, 297, par. 3; D. H. Scott & Son v. Wallace (Tex.Civ. App.) 83 S.W.(2d) 1032, 1033, 1034, par. 1; Southwestern Life Ins. Co. v. Stanley (Tex. Civ.App.) 84 S.W.(2d) 1084, 1086, par. 1; Lubbock Hotel Co. v. Guaranty Bank & Trust Co. (C.C.A.) 77 F.(2d) 152, 156.

Lincoln National Ins. Co. v. Anderson, and the other authorities above cited follow the case of Dugan v. Lewis, 79 Tex. 246, 14 S.W. 1024, 12 L.R.A. 93, 23 Am.St. Rep. 332, approved in Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269, construing the language "whole sum of money hereby secured," when read in connection with the other terms of the instruments as here contained, evidences an intention to collect only the accrued or earned interest. In accordance with which authorities the contract here under consideration is not usurious.

The judgment of the trial court in all respects is reversed and the cause is here remanded, with instructions to the trial court to render judgment in favor of the Volunteer State Life Insurance Company and against appellees for the full amount of the principal of the renewal notes, with interest and attorneys fees as therein provided, subject to credit of such payments, if any, as may have been actually made thereon, with foreclosure of the lien on the land.