**TRAVELERS INS. CO. v. FABIAN et al.**

**No. 11982.**

Court of Civil Appeals of Texas. Dallas.
May 23, 1936.

Rehearing Denied June 20, 1936.

Renfro, McCombs & Kilgore, of Dallas, for appellant.

W. J. Holt and Geo. W. Barcus, both of Waco, for appellees.

BOND, Justice.

This is an appeal from a judgment declaring a loan transaction between Texas Farm Mortgage Company and the appellees to be usurious, and allowing appellees' plea of usury to the abatement of the appellant's debt. The judgment is based upon the acceleration clauses in two deeds of trust; there is no contention that in the transaction the interest actually provided for, in the absence of acceleration, would constitute usury.

The first deed of trust, among other things, provides that, in default in the payment of any indebtedness, principal or interest, recited therein, "then the whole of the indebtedness secured in and by this instrument may * * * be declared due and payable." The indebtedness mentioned is a $6,000 note and 6 per cent. annual interest coupon notes, one due each year until maturity of the principal note, and each provides for 10 per cent. interest thereon after their due date.

The companion second deed of trust also provides, in case of default in the payment of the indebtedness therein mentioned, that "the full sum of money hereby secured shall become due and payable" at the option of the holder; and further provides, in the event of sale under the power granted, "the proceeds of sale shall be applied as follows: 1st. To the expenses of making the sale, including the trustee's commission; 2nd, to the payment of the amount due on the notes hereby secured; 3rd, to the payment of any delinquent principal or interest, or any taxes, attorney's fees or other sums due under said first trust deed, according to the terms thereof, and the balance, if any, to the parties of the first part, their heirs and assigns." The indebtedness mentioned is a promissory note of $601.50, payable in installments, each installment bearing interest after due date at the rate of 10 per cent. and is stated to have been given for a part of the interest on the $6,000 loan mentioned in the first deed of trust.

The case was decided by the trial court prior to the decisions of the Commission of Appeals, approved by the Supreme Court, in the cases of Lincoln National Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, 81 S.W.(2d) 1112, and Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935; and the decisions of the Eastland Court of Civil Appeals.

200

(writs of error refused by the Supreme Court) in Donley et al. v. Travelers Ins. Co., 84 S.W.(2d) 815, and in Zapalac, et al. v. Travelers Ins. Co., 84 S.W.(2d) 818, 820. In the latter case, the court had before it a similar transaction to the one here involved; the acceleration clauses in the two deeds were identical as here, and the notes were payable to the Texas Farm Mortgage Company, and transferred to the Travelers Insurance Company. The court held that the second deed of trust, securing additional interest notes and providing, in the event of certain defaults, "the whole sum of money hereby secured shall become due and payable" at the option of the holder, evidenced no intention to collect usurious interest, but only interest earned.

Under the record and the authorities above cited, it must be here determined that the trial court erred in allowing any abatement of appellant's debt on appellees' plea of usury and in failing to render judgment in favor of the appellant for the full amount of the principal, interest, tax advancements, and attorney's fees, to which there is no dispute, aggregating the sum of $8,427.77, with 10 per cent. interest on $7,538.33, and 6 per cent. on $889.44 from the date of the judgment (December 17, 1934) until paid; therefore, the judgment of the lower court, in so far as it allows the credit for all interest paid to appellant by the appellees upon the principal of the note sued on, should be reversed and judgment rendered in favor of appellant for the amount above stated, and in all other respects, the judgment should be affirmed; accordingly, the judgment is reversed and rendered in part, and in part affirmed.