## SCOFIELD et ux. v. TRAVELERS INS. CO. et al.

### No. 12234.

Court of Civil Appeals of Texas. Dallas.
May 29, 1937.

Rehearing Denied June 19, 1937.

Frazier & Averitte, of Hillsboro, for appellants.

Renfro & Kilgore, of Dallas, for appellees.

BOND, Justice.

This is an appeal from a judgment declaring a loan transaction between Texas Farm Mortgage Company and the appellants, Frank Scofield and wife, Katherine Scofield, free from usury, and allowing appellee the Travelers Insurance Company judgment for the full amount of its indebtedness and foreclosing a mortgage on lands given as security.

The loan contract involved is a principal note for $35,000; a first deed of trust conveying 474 acres of land as security therefor; three second lien notes, one for $2,000 and one for $1,500, representing a part of the principal, and a third note in the sum of $5,194.55, payable in annual installments so as to represent 1½ per cent. per annum interest on the $35,000 note; and a second deed of trust securing the two small principal notes and the 1½ per cent. interest note. It is conceded that Mr. Scofield received a total loan in the transaction of $38,500.

In the court below, the trial centered on the prematurity provisions of the notes and deeds of trust arising from contingencies provided in the contract: The first deed of trust provides for the acceleration of maturity of the $35,000 note, declaring: "That if default be made in the payment of any indebtedness, whether principal or interest herein provided for, when the same may become due and demandable, or if default be made in any stipulation, agreement or covenant herein contained, then the whole of the indebtedness secured in and by this instrument may, at the option of the said party of the third part, or any holder of said notes, or other indebtedness secured hereby, without notice to said parties of the first part, be declared due and payable, and the said party of the third part or any holder of said notes or any other indebtedness secured

hereby, may proceed to enforce this Deed of Trust as hereinafter provided, or, at its, or his, option, institute proceedings respectively for the collection at law and in equity, of such amounts as may be then unpaid"; and the second deed of trust provides for the acceleration of maturity of the three smaller notes above mentioned, stipulating that: "If default should be made in the payment of the notes secured hereby or any of them * * * then the whole sum of money hereby secured shall become due and payable at the election of the holder thereof. * * * "

A very similar transaction to the one here involved, the acceleration clauses being identical, and the name of the lender being the same as here, has heretofore been before the courts of this state. Travelers Ins. Co. v. Greer, 83 S.W.(2d) 1020, opinion by the Amarillo Court of Civil Appeals. The loan contract was there held to be free from usury. Donley et al. v. Travelers Ins. Co., 84 S.W.(2d) 815, opinion by the Eastland Court of Civil Appeals (writ of error refused by the Supreme Court); also Zapalac et al. v. Travelers Ins. Co., 84 S.W.(2d) 818, by the same court. The loan contracts were there held not to authorize the collection of unearned or usurious interest. In Travelers Ins. Co. v. Fabian et al., 95 S.W.(2d) 199, opinion by this court (writ of error dismissed by the Supreme Court), it was held that the terms of the contract evidenced no intention of the lender to collect usurious interest, but only interest earned.

We think it is settled law of this state that all unearned interest on a loan contract, however stated, is not collectible by prematurity of the principal indebtedness. Such interest would have no consideration as a basis for its validity. The acceleration of the principal indebtedness sets up a new standard for the payment of interest and brings into force the powers of foreclosure and sale, and thus, in effect, nullifies the provisions for the payment of unearned interest evidenced by notes. Interest notes do not become a part of the indebtedness contracted to "become due and payable" until the principal obligation has run for the period of time provided in the contract as to make such interest notes effective. The terms and provisions of the contract here presented, as in the cases cited, evidence no authority of the lender or holder of the notes to exact of the borrower more than 10 per cent. interest, or to collect unearned interest notes; therefore the contract is not tainted with usury.

Appellants, in this court for the first time, call into question as presenting usury in the transaction a provision contained in the first deed of trust, reading as follows: "That the parties of the first part (mortgagors) will promptly pay as the same fall due or become payable; * * * all state, county, municipal, and local taxes, assessments and charges now or hereafter laid or charged upon or against the promissory notes herein mentioned in this Trust Deed, or the indebtedness secured thereby, at the place where the land hereinabove described is situated (Hill County), the owner of said note not then being a resident of the county or municipality in which said land is situated. * * * "

It will be observed from the record in this case that no reference is made in pleadings or proof, and no contention made in the trial court condemning the contract as being usurious because of the provision for the payment of taxes. Indeed, copies of the deeds of trust were attached to appellants' petition as exhibits supporting their allegations of usury, predicated solely on the acceleration maturity provisions of the two deeds of trust. The attached exhibits alone, without reference in the petition to the provision for the payment of taxes as evidence of usury in the contract, do not sufficiently plead the issue of usury arising therefrom. Where contracts or other documents are made exhibits to pleadings, it is incumbent upon the pleader to declare specifically upon the particular terms and provisions thereof upon which his cause of action or defense is based. Courts cannot determine causes which are not pleaded. Cases on appeal must be decided upon the same theory and the same issues presented by the pleadings of the parties to the trial court.

However, in view of the fact that this contention was not raised in any of the cited cases involving this identical contract, we deem it advisable to give consideration to appellants' assignment, as though the issue was before the trial court and determined adversely to appellants.

It will be noted that the $35,000 principal note bore interest at the rate of 5½ per cent. per annum; the interest

or commission note represented interest at the rate of 1½ per cent. per annum; consequently, the gross rate of interest for the loan was 7 per cent. per annum, leaving a margin of 3 per cent. to avoid any implied or contingent provision for payment of usurious interest. The tax provision requires the maker of the notes to pay only such taxes as may be assessed within the county in which the security is located, to wit, county of Hill. The Texas Farm Mortgage Company, the original payee of the notes, was a resident of the county of Dallas. The notes were made payable in Dallas. The notes were assigned to the Travelers Insurance Company, a corporation, with principal office in Hartford, Conn. There is no showing in the record that the notes were ever kept within Hill county, nor is it shown that any of the holders had an office in Hill county; consequently, we think, it is not evident that the parties contemplated any taxes would be levied against the notes in Hill county. However, assuming that the parties contemplated the notes would be sent to Hill county for collection or other purpose of the holder, there is no showing that the parties contemplated the maker of the notes should be called upon to pay taxes thereon for any one year to exceed 3 per cent. of the principal. Furthermore, the record does not disclose the basis of assessment and the rate of taxation for any year in Hill county or elsewhere, thus leaving the court to presume facts which may or may not exist; the notes accessible for taxation and the taxes exceeding 3 per cent. of the principal are not shown.

In the case of Kansas City Life Ins. Co. v. Duvall et ux., 104 S.W.(2d) 11, 13, by the Commission of Appeals, adopted by the Supreme Court, the court had before it a taxpaying provision in a contract very similar to the one here involved, and the record in that case, as here, disclosed that there was no showing what the bases of assessment and the tax rate were during the life of the contract; the court said: "Furthermore, the contract was made in the light of what amount in the aggregate the parties when they entered into the contract might reasonably have expected the taxes to be for the year the contract was made, and the record does not disclose what the respective bases of assessment and respective rates were for that year and the years immediately preceding, at some place in this state. This is necessary to be shown in order to determine whether the contract is usurious."

So, in this case, in the absence of a showing that the parties contemplated the notes would be accessible for taxation, a showing that the amount of the taxes, based upon a rate of taxation and the assessed value of the notes exceeded in any one year 3 per cent. per annum of the principal indebtedness, appellants have wholly failed to show that the contract is usurious because of the taxpaying provision.

The judgment of the lower court is affirmed